### ·AMBLER *vs.* OWEN.

A complaint alleged that the plaintiff held a lease, and was entitled to the possession of a house and lot for a certain term, and that the defendant having purchased the property, subject to such lease, promised the plaintiff, in consideration that he, the plaintiff, would give up the house and lot for the said term, and would surrender possession immediately, to pay him, the plaintiff, $30. The plaintiff then alleged that he did give up the said house and lot, and the possession thereof, to the defendant; but that the defendant refused to pay the $30. *Held*, on demurrer, that the facts were sufficient to constitute a cause of action; the defendant's proposition having been actually performed, by the plaintiff, on his part, and the performance accepted by the defendant.

*Held also*, that the case made by the complaint was, in fact, one of a sale by the plaintiff of his rights under the lease, at the request of the defendant; in which light his proposition, connected with his subsequent act, might be regarded, and a delivery to, and acceptance thereof by, the defendant, at the price of $30.

APPEAL by the defendant from a judgment of the county court of Steuben county. The cause was commenced before a justice of the peace. The plaintiff alleged, in his complaint, that prior to the commencement of this suit he had a lease, and was entitled to the possession of a certain house and lot in the town of Corning, for a term commencing on the 1st of Nov. 1852, and ending on the 1st day of April, 1853 ; and that the defendant having purchased the said house and lot, subject to such lease, promised the plaintiff, in consideration that he, the plaintiff, would give up the house and lot for the said term, and allow the defendant to have immediate possession thereof, to pay him, the plaintiff, $30. And the plaintiff alleged that he did give up the said house and lot, and allow the defendant to have possession of the same ; yet that the defendant did not pay, and had not paid, the said $30. The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The justice overruled the demurrer, and held the complaint to be sufficient. The plaintiff then proved the facts stated in the complaint, and the justice gave a judgment for the plaintiff for $30 and costs. On appeal the county court affirmed the judgment.

Ambler *v.* Owen.

*G. T. Spence,* for the plaintiff.

*H. M. Hyde,* for the defendant.

*By the Court,* T. R. STRONG, J.   The complaint does not set forth an agreement by which the defendant was bound to accept the relinquishment of the house and lot, and receive possession of the same ; and if the defendant had refused to do so, upon a tender thereof by the plaintiff, an action to compel him to do it, or to recover damages for his refusal, would not lie.   A proposition was made by the defendant to the plaintiff to pay him thirty dollars, if the plaintiff would give up the house and lot for the term of the lease, and allow the defendant the immediate possession.   It is not averred that the plaintiff assented to it at the time ; and without his assent, no legal obligation was incurred by the defendant.   Mutual consent is requisite to the creation of a valid contract.

But it is alleged in the complaint, after stating the proposition of the defendant, that the plaintiff did give up the house and lot, and allow the defendant to have possession of the same. This must be understood to have been intended to be in pursuance of the proposition.   It is implied from the allegation that the giving up was for the term, and that the defendant accepted the premises, and took possession thereof.   (*Gazley* v. *Price,* 16 *John.* 267.)   In this view the proposition was actually performed, on his part, by the plaintiff, which performance was accepted by the defendant ; both treating the proposition as remaining in force, and nothing remains to be done but the payment of the thirty dollars.   Here, certainly, are facts sufficient to constitute a cause of action.

The case made by the complaint is, in fact, one of a sale by the plaintiff of his rights under the lease, at the request of the defendant, in which light his proposition, connected with his subsequent act, may be regarded, and a delivery to and acceptance thereof by the defendant, at the price of thirty dollars.

The case of *De Zeng* v. *Bailey,* (9 *Wend.* 336,) which is much relied on by the defendant's counsel, is distinguishable

from the present. In that case there was, so far as the defend-
ant was concerned, merely a proposition by him, unassented to;
what was done by the plaintiff towards executing it was not
done to or with the defendant, or requested or accepted by him.

I am therefore of opinion that the complaint is good, and that
the judgment of the county court should be affirmed.

[MONROE GENERAL TERM, December 4, 1854. *Johnson, Welles* and *T. R.
Strong,* Justices.]