## DE ZENG *vs.* BAILEY, BOGUE & POOR.

A *release* of one of several covenantors, will not discharge his co covenantors, unless it be a technical release under seal; a *parol agreement* to release will not have that effect.

A plea that a covenantee agreed to release one of several covenantors from the covenants in a lease, in consideration that such covenantor would, at his request, relinquish to a third person his situation as a partner in business with the other covenantors, and that they would receive such third person as a partner, is not good, although it be averred that he did relinquish and that they did accept, unless it be alleged that such covenantor *agreed* to relinquish, or that he did relinquish *at the request of the covenantee.*

DEMURRER to plea. The plaintiff declared in *covenant,* on a lease of certain demised premises, by which the defendants bound themselves to pay a certain rent and the taxes. The plaintiff averred that on 30*th April,* 1830, the sum of $73,33 of rent was in arrear, and that he had been obliged to pay $50 for taxes assessed on the demised premises. Bogue was not arrested, the other defendants were, and put in various pleas, amongst others, that before the rent claimed had accrued, and before the taxes paid by the plaintiff had been imposed, to wit, on the 1st January, 1829, the plaintiff, in consideration that *Bogue,* at the special instance and request of the plaintiff, would dissolve his connection with the other defendants with whom he carried on the business of selling goods at auction, and would relinquish all his rights as a partner with the other defendants to one *Guy Reynolds,* and that they would accept Reynolds as a partner in the place of Bogue, and grant to him all the rights, &c. of Bogue as such partner, promised and agreed to and with the defendants, that he would *release and forever discharge Bogue* from all covenants and agreements in the lease contained, and from all liability incurred thereby. The defendants then aver that afterwards on the same day, Bogue relinquished to Reynolds all his right, &c. as a partner, and that they accepted Reynolds as a partner, and granted to him all the rights, &c. of Bogue, whereof the plaintiff had notice. To this plea the plaintiff demurred.

*S. Stevens,* for plaintiff.

*J. A. Spencer,* for defendants.

*By the Court,* NELSON, J. The first objection taken to the plea demurred to is, that it does not set forth any agreement on the part of Bogue to relinquish to Reynolds his interest as a co-partner with the other defendants; or that he did so relinquish at the request of the plaintiff, and that therefore the promise of the plaintiff was without consideration and void. The objection, I think well taken; one or the other of these allegations ought to have been averred to make the agreement between the parties mutual and binding. For aught that appears it was wholly optional with Bogue to perform on his part, and the plea only shows a proposition by the plaintiff unassented to by Bogue. The fact of his afterwards executing the proposition on his part, without any agreement to do so, or request by the plaintiff, cannot vary the principle.

The important question in the case, and the one affecting the merits, is, whether the facts spread in the plea, conceding them to be well pleaded, constitute a defence to the action. A release by the obligee to one of several obligors, whether bound jointly or jointly and severally, is a discharge of all, and may be pleaded in bar. *Rowley* v. *Stoddard et al.,* 7 *Johns. R.* 207. But it is there said, that the release, to have this effect, must be a technical release under seal. If this latter position is sound, the plea in this case cannot be sustained, as it sets up only *a parol agreement* to release one of the covenantors. 4 *Wendell,* 363, 6. 9 *Cowen,* 37. 2 *Johns. R.* 448, *a.* The principle upon which this plea is founded, as will be seen on looking into the cases referred to, is very technical and should not be extended by construction, especially as the party interested in it, has his remedy upon the agreement, if violated.

Judgment for the plaintiff, with leave to the defendants to amend on payment of costs.