## John Bridges v. William Phillips.

See this case as to the rule that a release of one of two or more joint promissors or obligors, will operate as a discharge of all.

See this case as to the distinction between parol instruments, and instruments under seal.

The release of a principal debtor operates as a discharge of the sureties; but the release of a surety does not discharge the principal debtor; for, though there cannot be a surety without a principal debtor, yet there may be a principal without a surety.

Appeal from San Augustine. Tried below before the Hon. Archibald W. O. Hicks.

Suit by appellant against appellee on the joint and several note of appellee, and S. W. Blount and E. Price, who signed as sureties of the appellee. Among other defences the defendant pleaded that he was discharged from the payment of said note, by the following release:

State of Texas, }
County of San Augustine. }

I have this day received of B. F. Price, Ex'or of E. Price, and S. W. Blount, two hundred dollars in cash to release them

from any liability as securities on a note for twelve hundred dollars, dated 26th Nov., 1852, (the note sued on.) Said note payable and belonging to me and given by Wm. Phillips and E. Price and S. W. Blount as his sureties ; and the said securities are hereby released in full from said note, Jan. 30th, 1853.                                        J. T. BRIDGES.

 Wilson E. Hail,
 · A. G. Price.

Exception to plea overruled. On the trial, the Court instructed the jury, that the release of Blount and Price discharged the defendant.

*O. M. Roberts,* for appellant, cited Burge on Suretyship, 163, 164 ; 1 Story, Eq. Jur. Sec. 497 ; 6 Ves. 805 ; Story on Contracts, Sec. 997.

Wheeler, J. The principal and only question presented by the record, which is deemed to require notice, arises upon the charge of the Court, to the effect that the release of the defendant's co-promissors, Blount and Price, operated a release of the defendant.

It is said to be a well settled rule, that a release to one of several obligors, whether they are bound jointly, or jointly and severally, discharges the others, and may be pleaded in bar. (Rowley v. Stoddard, 7 Johns. R. 207, 210 ; Story on Con. Sec. 996, 997.) But this is said only of a technical release under seal. A release by parol to one debtor will not operate as a discharge to other debtors jointly liable, and can only be pleaded by the debtor to whom it was given. "Indeed, "a parol release to one of several joint obligors will never " operate as a complete discharge to the others, unless the " debt be fully satisfied by him. If it be partially satisfied, it " may, *pro tanto,* be pleaded in discharge of the others." (Ib.) " Nothing but a technical release, under seal, discharging one " of several promissors, can operate to discharge the other

" promissors from their liability on the contract. This prin-
" ciple is well settled and sustained by many adjudged cases."
(Walker v. McCulloch, 4 Greenl. 421 ; Harrison v. Close, 2
Johns. R. 449; Rowley v. Stoddard. 7 Johns. R. 209 ; De
Zeng v. Bailey, 9 Wend. 336 ; per Dewey, J., in Shaw v. Pratt,
22 Pick. R. 308.)

The release in this case was by parol ; and though the several
joint promissors had all become principals, it is very clear the
release of the two did not operate a release of the third. But
the two who were released were but sureties ; and the very
terms of the release exclude any such effect as to the defend-
ant, who was principal. There was nothing in the relation
which the sureties bore to their principal and the payee of the
note, to prevent them from contracting with the latter to take
their liability and risk upon himself. It was perfectly compe-
tent for them, upon a sufficient consideration, so to contract
without thereby impairing the rights of the creditor as against
the principal debtor. The release of a principal debtor ope-
rates as a discharge of his sureties ; but the release of a surety
does not discharge the principal debtor ; for, though there
cannot be a surety without a principal debtor, yet there may
be a principal without a surety. " The release of the surety
does not discharge the principal ; nor does the release of one
co-surety discharge the other co-sureties." (Burge on Surety-
ship, 164, 1st Am. edit. ; Id. 163 ; Ex-parte Gifford, 6 Ves.
805.) It was error therefore to charge the jury, in effect, that
the release of the two promissors, who were sureties, operated
a release of their co-promissor, the defendant, who was princi-
pal ; for which the judgment must be reversed and the cause
remanded.

Reversed and remanded.