No. 5580-81.

McIlhenny Company v. Leon & H. Blum et al.

1. Promissory Notes.—A note given for a debt by a corporation, signed with the name of the corporate agent, who wrote the word "agent" after his signature, and who had been accustomed thus to sign for the corporation, when such signature is followed by that of other persons, is the note of the corporation as the pricipal debtor, and, as between the corporation and the other makers, the latter are sureties.*

2. Release.—As between joint promissors, who are principals, a release of one is a release of all; but as between promissors who sustain as between themselves the relation of principal and surety, the liability of the principal is made neither more nor less by the release of a surety, and the latter may stipulate for his own discharge and leave the creditor to pursue his remedy against the principal for the full amount of the original debt.

3. Principal and Surety.—A surety on a promissory note may buy his discharge and leave in full force the original debt against his principal.

Appeal from Bell.   Tried below before the Hon. B. W. Rimes.

*Dupree & McCutcheon* and *Monteith & Furman*, for appellant, on their proposition that the note of Leon & H. Blum in controversy was, in form, a joint note of the makers, and the makers had a right to maintain their relationship to the same as joint against the payee, whatever might have been the private understanding of the makers as to their several liability amongst themselves, and enforcing payment from several joint makers and a discharge of such joint makers is a discharge of all, they cited Daniels on Negotiable Instruments, section 1294; Tuckerman et al. v. Newhall, 17 Massachusetts, 580; Robertson v. Smith, 18 Johns, 461; and other cases cited in Daniels.

On their proposition, that from the evidence adduced on the trial of this cause, it appears that the note of Leon & H. Blum did not have the name of the Mountain Home Co-operative Association signed thereto as maker, and it does not appear that

---

*It was shown that Jones, in transacting the business of the corporation with Leon & H. Blum, was accustomed to sign for it " W. S. Jones, agent."

W. S. Jones had special authority to execute the said note to Leon & H. Blum for the Mountain Home Co-operative Association, or that he was authorized to execute said note under the scope of his general authority, and therefore it does not appear that said note is a valid claim against the Mountain Home Co-operative Association, or that any indebtedness of the Mountain Home Co-operative Association could be proven up in that form in favor of Leon & H. Blum, they cited Acts 1879, chapter 53, section 12; Sydnor v. Hurd, 8 Texas, 98; Compton v. Stage Company, 25 Texas Supplement, 78; Daniels on Negotiable Instruments, sections 273, 274, 292, 293, 294.

On their proposition that when a party who is a joint maker or a surety upon a note is compelled by legal proceedings, or because of legal proceedings being taken against him, to pay said note in whole or in part, his payment is pro tanto a payment on said note, and to the extent of its payment discharges the other joint makers or co-sureties from liability on said note to the original payee or his endorsers, or his or their assignees, and said payment must be credited on the note before its presentation for allowance, and affidavit must show that there are no credits or offsets against same, except such as are shown by the statement, they cited Acts of 1879, chapter 53, section 7; 24 American Decisions, 264; Garr v. Martin, 20 New York, 306; Kimble v. Cummins, 3 Metcalf (Kentucky), 327.

No brief on file for appellee.

Gaines, Associate Justice.   The Mountain Home Co-operative Association, a private corporation, made a deed of assignment to appellee Woodworth for the benefit of creditors. Appellants and appellees Leon & H. Blum, proved up claims against the insolvent corporation, which were duly filed with the assignee.   The property having been administered and a dividend declared, this suit was brought by appellants to cancel the claim of appellees, the Blums, and to restrain the assignee from paying over the dividend set apart to them.   This claim was a promissory note which reads as follows:

"On January 1, 1883, we promise to pay to the order of Leon & H. Blum Twenty-four hundred and ninety and 03-100 dollars, at their office in Galveston, Texas, with exchange, and interest

at the rate of eight per cent per annum from date, the 14th day of August, A. D. 1882.   Signed

> W. S. Jones, Agent,
> W. T. Reese,
> J. F. McAninch,
> A. J. Dallas,
> E. B. Edwards,
> Wright & Harrell,
> J. C. Bell,
> A. C. Stone."

The evidence shows that the note was given for a debt of the corporation, and that Jones, who signed it as agent, was its agent, and that he had been accustomed to sign for it as such. This we think sufficient to prove that the note was the debt of the corporation, and that, as between the makers, the corporation was the principal promisor and the others merely its sureties.

But it is contended, on behalf of appellants, that Leon & H. Blum released McAninch, Dallas, and Wright & Harrell from the note, and thereby released their claim against the corporation. The facts in relation to that matter are these: Leon & H. Blum brought suit on the note and attached the property of the sureties last named. These makers paid the Blums six hundred dollars in cash, and executed to them their promissory notes for five hundred dollars in consideration of a discharge from all further liability. The release by the Blums was in writing, and is as follows:

"Received from J. F. McAninch, A. J. Dallas and Wright & Harrell, of Mountain Home, Texas, the sum of ($600) six hundred dollars cash, and their note for ($500) five hundred dollars, due October 1, 1883, in consideration of which we agree to file with Sam Woodworth, assignee of the Mountain Home Co-operative Association, a certain promissory note, executed by above parties and sundry others, August 14, 1882, for $2490 03, and due at Galveston, Texas, January 1, 1883, upon which they are guarantors, in consideration of above $600 cash and $500 note we agree to release said McAninch, Dallas and Wright & Harrell from any and all liability to us for the difference between the amount of dividends we receive on said $2490 03 note from Sam Woodworth, assignee, and the amount which may be due on said note. (Signed)          Leon & H. Blum."

The principles laid down in the case of Bridges v. Phillips, 17 Texas, 128, are in our opinion decisive of the question presented on this appeal. It is there conceded that as between joint promissors who are principals, a technical release of one is a release of all. In a joint or joint and several contract a principal who pays more than his proportion of the debt has a right to demand a contribution from the other promissors who are not sureties. Hence a release of one and not of the other would deprive the latter of this right; or would leave the former liable to contribute, which would be inconsistent with the release itself. This must be the fundamental reason of the rule, that the release of one is the release of all; and for the same reason a release of the principal is a discharge of the surety. But as to the principal, where the surety is released the reason ceases and the rule itself must cease. The principal is liable for the entire debt, whether the surety pays it or not. If the surety does not pay it, he is bound to the creditor; if the surety does pay, he is bound to remunerate the surety. It follows that the liability of the principal is made neither more nor less by the release of the surety, and that no reason exists why the latter should not stipulate for his discharge, and leave the creditor at the same time to pursue his claim against the principal for the entire amount of the original debt. Such was evidently the agreement in this case. The stipulation that "we agree to release said McAninch, Dallas and Wright & Harrell from any and all liability to us for the difference between the amount of dividends we receive on said $2490 03 note from Sam Woodworth, assignee, and the amount which may be due on said note," plainly shows that the Blums were to prove up the claim against the assigned estate and were to receive the dividend upon the entire amount. It was distinctly held in the case above cited, upon a very similar state of facts, that the release of the sureties did not release the principal, and it follows that the court below was correct in so holding in this case.

But it is contended that the assessments paid and promised to be paid by the sureties in consideration of this release should have been credited upon the Blum note. But what we have already said disposes of this question. The sureties only stipulated for their own discharge, and evidently contemplated that the Blums should prove up their claim against the incorporation for its entire amount. They undertook to pay no part of the debt. They bought their release and received it. That they

made an advantageous bargain, is shown by the fact that the dividends declared, together with the amounts paid and agreed to be paid will fall far short of satisfying the debt. This serves to illustrate the equity of the rule which permits the surety to buy his discharge, and at the same time to leave in force the debt against his principal.

We find no error in the judgment in so far as it awarded to appellees, Leon & H. Blum, the entire dividend declared by the assignee in their favor, and it will therefore be affirmed.

*Affirmed.*