## FIRST STATE BANK OF TEAGUE v. HARE et al. (No. 7654.)

(Court of Civil Appeals of Texas. Dallas. Dec. 9, 1916.)

1. BILLS AND NOTES ⬅49—ACCOMMODATION MAKER—RIGHT TO RESCIND.

An accommodation maker of a note had the right, at any time before the payee bank advanced money thereon, to withdraw from and rescind his engagement evidenced thereby.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 66; Dec. Dig. ⬅49.]

2. BILLS AND NOTES ⬅52 — RELEASE—EFFECT ON COSURETY.

Where one of two accommodation makers of a note before the payee bank had advanced money thereon notified the bank that he desired to withdraw from the note, he did not become a cosurety upon the note, and his release did not release the other accommodation maker.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 71; Dec. Dig. ⬅52.]

3. PRINCIPAL AND SURETY ⬅195 — DISCHARGE OF SURETY—EFFECT ON COSURETY.

The release of one of two accommodation makers on a note after he had become a cosurety would not release the other accommodation maker, as it would in no manner impair his right of contribution.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 624–626; Dec. Dig. ⬅195.]

Appeal from Limestone County Court; G. W. Fryer, Judge.

Action by the First State Bank of Teague against R. P. Hare and others. From a judgment for plaintiff against named defendant, but for the other defendants, plaintiff appeals. Reformed by rendering judgment against defendant J. R. Thomas, and as reformed affirmed.

See, also, 152 S. W. 501.

D. T. Garth, of Teague, for appellant.

RASBURY, J. Appellant sued appellees, Hare, Thomas, and Stewart, upon their joint and several promissory note. There was jury trial. Verdict was for appellant against Hare and in favor of Thomas and Stewart. Judgment was in accordance with the verdict, from which appellant prosecutes this appeal.

The following facts in support of the verdict of the jury are deducible from the evidence: On May 22, 1909, R. P. Hare, J. R. Thomas, and W. F. Stewart, each as principal, signed a promissory note in usual form by which they agreed jointly and severally to pay to the order of appellant $200, with interest and attorney's fees, etc. Other provisions unnecessary to detail were part of the note. The note was first signed by Hare. He then requested Thomas to sign, which Thomas did unconditionally. He next requested Stewart to sign, which he also did unconditionally. While both Thomas and Stewart signed the note unconditionally and it recited they were principals, they were in fact accommodation makers. Within an hour or two after signing the note Stewart called at the bank, and inquired of the president if any money had been advanced Hare on the note. Being informed that none had, he advised the president that he desired to withdraw from the note and not to advance any money thereon on his signature. The president agreed not to do so. On the same day, at about 3 o'clock in the afternoon, Stewart informed Thomas of what he had done. Immediately thereafter Thomas communicated with the president of the bank by telephone that he would also not be bound on the note. He was told by the president of the bank that the bank had advanced the money. When Thomas signed the note he was not informed that Stewart was to sign, nor did he sign on condition that Stewart would sign. After several extensions of the note appellant filed suit on same against Hare, Thomas, and Stewart, with the result stated.

It is proper to state that the president of the bank, with whom Stewart and Thomas

had their interviews, testified that he had no recollection of the matters about which each testified. It is also necessary to state that the amount of the principal is not shown in the copy of the note copied in the statement of facts, but all the witnesses testify it was originally for $200, and we assume such to be true.

[1] The trial judge instructed the jury if appellant released Stewart upon the note, without the knowledge and consent of Thomas, that then they should return verdict for Thomas. The action of the court in that respect is the single issue presented by the record. Stewart, being an accommodation maker, had the right, at any time before the note passed into the hands of a holder for value, to withdraw from and rescind his engagement evidenced thereby. Appellant, the evidence shows, had paid no money thereon when Stewart notified its president he would not be bound, and hence was not a holder for value.

[2] Appellee Thomas, who has not favored us with brief, but as indicated by his pleading in the court below, maintained further that when Stewart withdrew from the note it had the effect of releasing him as well. Such also was the opinion of the trial judge. It may be that, nothing more being shown, the release of one joint maker after delivery of a note for value would also release other joint makers, but we conclude that such a case was not presented upon trial of this cause, and that it is not necessary to decide that question. The pleading and proof here show that both Thomas and Stewart were in fact sureties, and had the consequent right, as we have indicated, to withdraw from the obligation at any time before appellant advanced the money thereon. This Stewart did. Thomas, however, according to his testimony, did not notify the bank of his intention to withdraw until the money was advanced on the note, and as a consequence he was not released unless his obligation was in some way dependent upon that of Stewart. Such does not appear to be true, since he testified that he signed the note unconditionally; that is, he did not sign it on condition that Stewart would also sign. Thus when the bank advanced Hare the money after Stewart had withdrawn from the note, such act did not impose upon Thomas any greater obligation than he originally undertook, but left his obligation precisely as it was. No question of cosureties and their consequent right of contribution arises, for the reason that Stewart withdrew from the note before he ever became a cosurety.

[3] Even had Stewart become in law a cosurety, his release would not release Thomas, since it would have in no manner impaired any right of contribution. Bridges v. Phillips, 17 Tex. 128; McIlhenny v. Blum, 68 Tex. 197, 4 S. W. 367; Clifton v. Foster, 20 S. W. 1005; Merchants' Nat. Bank v. McAnulty, 31 S. W. 1091. However, we are not to be understood as holding that Stewart was a cosurety of Thomas. The appellant having been notified by Stewart, an apparent joint maker, that he was in fact a surety and desired to withdraw from the note, and the appellant having, with such notice, advanced the money on the note, the trial court properly went into the real contract of the several parties; and, it having developed that the money was advanced in compliance with Thomas' contract, we conclude he is bound thereon. Accordingly, it becomes our duty to reform the judgment so that appellee Thomas shall be bound for the amount of the note, interest, and attorney's fee.

As reformed, the judgment is affirmed.