PRING et al. v. PRATT. (No. 2059.)

Court of Civil Appeals of Texas. El Paso. Dec. 8, 1927.

Rehearing Denied Jan. 5, 1928.

1. Judgment ☞304—Court may correct mistake in judgment at same or subsequent term, but cannot correct judicial acts after term (Rev. St. 1925, art. 2228).

Courts may correct mistakes in their judgments at the same or subsequent term to make them speak the truth, but their judicial acts cannot be corrected by them after term expires, under Rev. St. 1925, art. 2228.

2. Judgment ☞304—Refusal of judgment against attachment claimant and bondsmen for value of property was judicial act, which could not be corrected by amendment at subsequent term (Rev. St. 1925, arts. 2228, 7420).

Court's refusal to give judgment against attachment claimant and his bondsmen for value of property, as required by Rev. St. 1925, art. 7420, was a judicial act, mistake in which could not be corrected by amendment at subsequent term under article 2228.

3. Attachment ⟺302—Action of trial of property right between attachment plaintiff and claimant is purely statutory, and statute determines procedure (Rev. St. 1925, art. 7420).

Action of trial of property right between attachment plaintiff and claimant is purely statutory, and the statute (Rev. St. 1925, art. 7420) must be looked to for purpose of determining procedure.

4. Attachment ⟺302—Property right between attachment plaintiff and claimant must be tried before original suit (Rev. St. 1925, art. 7420).

Under Rev. St. 1925, art. 7420, trial of property right between attachment plaintiff and claimant must be had before trial between original parties; not being ancillary to original suit.

5. Attachment ⟺306—Refusal to strike allegations that defendant foreign corporation made bogus sale of attached property to claimant, to conceal transaction of business in state without making anti-trust affidavit, held not error.

Refusal to strike from plaintiff's amended and supplemental petitions allegations that defendant corporation, being unable to make anti-trust affidavit required of foreign corporation applying for permit to do business in state, made bogus sale of attached property to claimant thereof, who was its agent, for purpose of concealing fact that it was doing business in state, held not error; claimant not being prejudiced by disclosure of facts known to him.

6. Appeal and error ⟺672—Judgment that attachment claimant take nothing held fundamental error as contrary to statute requiring judgment for value of property (Rev. St. 1925, art. 7420).

Judgment that attachment claimant take nothing by his suit held fundamental error, as not in conformity with Rev. St. 1925, art. 7420, requiring judgment against claimant and his sureties for value of property with interest thereon from date of bond.

Error from District Court, Dallas County; T. A. Work, Judge.

Action by Clarence E. Pratt against the Frost Manufacturing Company, in which H. W. Pring filed an affidavit of ownership of attached property and a claimant's bond with the Ætna Casualty & Surety Company as surety. Judgment for plaintiff against claimant and his surety, and they bring error. Reversed and remanded.

Wm. H. Flippen and John T. Gano, both of Dallas, for plaintiffs in error.

Claude C. Westerfeld, of Dallas, for defendant in error.

PELPHREY, C. J. Clarence E. Pratt filed, in the district court of the Sixty-Eighth judicial district of Texas, a suit for wages alleged to be due him under a contract of employment, against the Frost Manufacturing Company, a corporation, of Galesburg, Ill. The suit was numbered 57128—C in said court. Upon the filing of the suit, a writ of attachment was issued, and was levied by the sheriff on a certain steam engine, which defendant in error in his petition on the trial of the right of property, describes as follows: "One steam engine No. 9260, right-hand, side-crank, automatic engine, steam-jacketed."

The writ was served on July 27, 1925, and on July 29th, plaintiff in error H. W. Pring filed an affidavit claiming the ownership of "one steam engine and parts numbered 9244," alleging it to be the same engine theretofore levied on under the writ issued in cause No. 57128—C. Pring also filed his claimant's bond with the Ætna Casualty & Surety Company, as surety, in which the property was described the same as in the affidavit. Defendant in error then filed his petition joining issues with plaintiff in error, alleging that the sale made to Pring by the Frost Manufacturing Company was a bogus sale and was fraudulently made for the purpose of covering up the fact that the company was doing business in Texas; that the said Frost Manufacturing Company was a trust, belonging to the association of manufacturers of boilers and engines, and accessories thereto, and were unable to make the anti-trust affidavit required by Texas laws; that Pring was the agent of the company at Dallas, Tex.; that the property in controversy was shipped to Texas for the purpose of being exhibited at a ginners' convention; that the engine was of the value of $1,200, but Pring paid nothing under the pretended sale to him; that the engine, after being claimed by Pring, was sold by him; that the purchaser executed his notes direct to the Frost Manufacturing Company; that the company, as it had previously agreed to do, canceled the notes given by Pring; and that the engine in controversy was at all times the property of the Frost Manufacturing Company. On April 6, 1926, defendant in error filed his second amended original issues, alleging the indebtedness to him by the Frost Manufacturing Company; the issuance of the attachment writ and its levy on steam engine No. 9260; the filing of affidavit and bond by plaintiff in error Pring; the ownership of the engine to be in the Frost Manufacturing Company; the sale to Pring to have been bogus, fraudulent, and pretended only; and the reasonable value to be $1,200. On the same date, plaintiff in error Pring answered by general demurrer, special exceptions, general denial, a special denial of the allegations of defendant in error as to the genuineness of the sale made to him by the Frost Manufacturing Company, and by a cross-action for $274 actual, and $2,500 exemplary damages, on account of the wrongful suing out of the writ of attachment.

Defendant in error, by supplemental peti-

tion filed the same day, specially excepted to the answer of Pring and to his cross-action; denied generally and specially the allegations in the answer of Pring; and again alleged the Frost Manufacturing Company to be a trust, and that the sale made to Pring was bogus and made for the purpose of disguising the fact that it was doing business in Texas.

Pring, by a second supplemental answer, demurred generally and specially to the second supplemental petition of defendant in error, and denied generally the allegations therein contained.

On April 9, 1926, Pring filed what is denominated as his first supplemental answer, demurring generally and specially to defendant in error's first supplemental petition, and containing a general denial. On the said date, the court passed upon the general and special demurrers of the parties, sustaining some and overruling some.

The one issue submitted to the jury was as follows:

"Special issue No. 1: Was the transaction between H. W. Pring and the Frost Manufacturing Company, involving the engine in question, a sale made in good faith at the time of the transaction?"

This was answered by the jury in the negative.

On April 13, 1926, Pring filed a motion for a judgment in his favor. Defendant in error, on the 17th day of April, 1926, filed his motion to be permitted to file his third amended issues for the purpose of alleging the value of the engine to be $1,665 instead of $1,200, and the number of the engine to be 9244 instead of 9260. The court allowed the amendment as to the change in the number of the engine, but denied it as to the allegation of value.

Defendant in error then filed his motion for a judgment, and the court entered judgment in favor of defendant in error for costs and. that Pring take nothing by his suit. This judgment was filed April 30, 1926, as of April 13, 1926, and thereafter, on May 19, 1926, defendant in error filed a motion to correct the judgment theretofore rendered. This motion was sustained by the court and entered as of April 13, 1926, a judgment in favor of defendant in error for $1,665 against plaintiff and his surety on his claimant's bond for $1,665, found by the court to be the reasonable market value of the engine, $166.50 as damages, together with 6 per cent. interest on the value of the property from the date of the bond. From this judgment Pring and his surety have brought the case to this court by writ of error.

Opinion.

For convenience the parties will be designated as follows: Clarence E. Pratt, as plaintiff, H. W. Pring, as claimant, and Ætna Casualty & Surety Company, as surety.

Claimant and surety present twenty-nine assignments of error and nine propositions thereunder upon which they pray for a reversal of the case.

The eighth proposition we think should be disposed of before we proceed to a discussion of the others. It reads:

"Where a judgment has been entered on one date, the plaintiff cannot, at a subsequent term of the court, and without service or notice to the defendant or his attorneys of record, file and have entered an entirely new judgment for the first time granting to such plaintiff a money judgment against the defendant and his surety, for the reason that such court was without jurisdiction to so act thereon."

A proper understanding of this question we think requires the copying herein of the judgments rendered. The record discloses that on April 30, 1926, the following judgment was entered:

"On the 13th day of April, 1926, at a regular term of this court, came the parties by their attorneys of record, and thereupon came a jury of good and lawful men, who, being duly impaneled and sworn upon their oaths to try the issues in this cause and after the reading of the pleading, introduction of the testimony, said cause was submitted to the jury on special issues, and after argument of counsel said jury retired to consider of their verdict and return into this court its answers to said issues; thereupon the plaintiff made this motion for the court to enter the judgment attached to his said motion, upon said issues. The court is of the opinion that said motion should be sustained in so far as the issues as found are in favor of plaintiff, but that said judgment submitted to be entered is not in accordance with the law in such cases provided; therefore the court makes its findings and entered the following judgment on said findings of the jury and the issues in said cause:

"The court finds that this is a suit for the trial of the right of personal property in controversy, to wit, one steam-jacketed engine No. 9244, right-hand, side-crank, automatic steam engine, between plaintiff and defendant, as claimant, and that both parties have joined issues herein in writing under the direction and orders of the court; and it further appears unto the court that on the 27th day of May, 1925, C. E. Pratt had a suit pending against the Frost Manufacturing Company, a corporation, of Galesburg, Ill., said cause being No. 57128—C, pending in this court, wherein the said C. E. Pratt alleged that the said Frost Manufacturing Company is justly due and indebted to him in the sum of $2,000, and that said defendant Frost Manufacturing Company is and was a foreign corporation without a permit to do business in Texas; that on the 27th day of May, 1925, the plaintiff, Pratt, sued out in said court a writ of attachment, which was by the sheriff of Dallas county, Tex., levied upon the aforesaid property on the 27th day of May, 1925, as the property of the said Frost Manufacturing Company, and that said H. W. Pring, agent for said company, and claimant herein, on the same day notified said Frost Manufacturing Company, Galesburg, Ill., of said attachment being levied on said engine by the said C. E. Pratt, and that on the 26th day of

June, 1925, defendant herein H. W. Pring presented to said sheriff his claimant's oath in writing and his claim bond in the sum of $2,400, with the Ætna Casualty & Surety Company, a corporation, as surety on said bond; that said property levied upon was by the sheriff valued at the sum of $1,200, and was delivered to said defendant herein, and the affidavit and the bond, as well as the writ, were all returned by said sheriff to this court from whence the writ issued, and filed herein on the 29th day of June, 1925, and said cause docketed as directed by the statutes in such cases provided, and thereafter, pursuant to said statutes, the court directed the issues to be made up by said parties, which was done.

"The court further finds that heretofore, to wit, on the ——— day of ———, 1925, after the execution of said claimant's oath and bond was executed and filed in this court, the defendant H. W. Pring, claimant herein, sold said engine for the sum of $1,665 and shipped same out of the jurisdiction of the court.

"The court further finds and is of the opinion that the plaintiff, C. E. Pratt, is not entitled to any judgment against the defendant H. W. Pring, claimant herein, and his bondsmen, for the property or for the value thereof, damages, and interest, as provided for in the statutes, as a matter of law in such cases.

"The court is of the opinion, upon the findings of the jury herein, that the defendant and claimant, H. W. Pring, has wholly failed to establish his right and claim to said property in controversy, and that said property is subject to said attachment lien and levy, and that said attachment was at the time of its levy and is now a valid and subsisting lien.

"It is therefore ordered, adjudged, and decreed that the said H. W. Pring, claimant herein, take nothing by his suit, and that the plaintiff recover of and from the defendant herein all costs in this behalf expended, for which he may have his execution, to all of which the plaintiff, C. E. Pratt, then and there in open court excepted, and gave notice of appeal to the Court of Civil Appeals for the Fifth judicial district of Texas, at Dallas, and further to all of which the defendant then and there in open court duly excepted."

This judgment was entered as of April 13, 1926. On May 31, 1926, the following judgment was entered as of May 26, 1926:

"On this the 26th day of May, A. D. 1926, came on to be heard the motion of the plaintiff, C. E. Pratt, in the above entitled and numbered cause, to correct the judgment heretofore entered therein, attorneys for plaintiff and defendant being present in open court, the court after duly considering said motion and facts therein finds that the motion to correct said judgment was by the court sustained on May 19, 1926, without notice to defendant or his attorneys; that on May 22, 1926, the court at the instance and request of defendant's attorneys set aside said order; that defendant may be heard, and that on May 26, 1926, while said attorneys representing plaintiff and defendant were in open court, said motion was called for hearing by the court, and the court, after due consideration of said motion, is of the opinion that same should be sustained, and same is accordingly done; and that the judgment heretofore erroneously rendered and entered on the ——— day of April, 1926, in volume ———, p. ———, of the minutes of this court in said cause should be and the same is hereby corrected to speak the correct judgment of the court as rendered, and the court now directs the clerk to enter the following judgment as the true and correct judgment of this court:

C. E. Pratt v. H. W. Pring. No. 58273—C.

"Judgment entered as of April 13, 1926.

"On this the 13th day of April, 1926, at a regular term of this court, came the parties by their attorneys of record, and thereupon came a jury of good and lawful men, who being duly impaneled and sworn upon their oaths to try the issues in this cause of action, and after the reading of the pleadings, the introduction of the evidence, said cause was submitted to the jury on special issues, the said jury returned into this court its answers thereto, and the plaintiff filed his motion to have the court enter the judgment in his favor upon said issues, and the court is of the opinion that plaintiff's said motion is well taken, and that the issues found by said jury are for the plaintiff, and it appearing to the court that this is a suit for the trial of the right of personal property in controversy, to wit: One steam engine No. 9244, automatic steam-jacketed engine, manufactured by the Frost Manufacturing Company, Galesburg, Ill., between plaintiff and defendant, as claimant, and that both parties have joined issues herein in writing under the direction and orders of the court, and it further appearing unto the court that on the 27th day of May, 1925, C. E. Pratt had a suit pending against the Frost Manufacturing Company, a corporation, of Galesburg, Ill., said cause being No. 57128—C, pending in this court, wherein the said C. E. Pratt alleged that the said Frost Manufacturing Company is justly due and indebted to him in the sum of $2,000, and that said defendant Frost Manufacturing Company was a foreign corporation without a permit to do business in Texas; that on the 27th day of May, 1925, the plaintiff Pratt sued out in said court a writ of attachment, which was by the sheriff of Dallas county, Tex., levied upon the aforesaid property, on the 27th day of May, 1925, as the property of said company, and that said H. W. Pring, agent of said company, and claimant herein, on the same day notified said company at Galesburg, Ill., of said attachment being levied on said engine by the said Pratt, and that on the 26th day of June, 1925, defendant Pring presented to said sheriff his claimant's oath in writing and his claim bond in the sum of $2,400, with the Ætna Casualty & Surety Company, a corporation, as surety on said bond; that said property levied upon was by the sheriff valued at the sum of $1,200 and was delivered to said defendant herein, and the affidavit and the bond, as well as the writ, were all returned by said sheriff to this court from whence the writ issued, and filed herein on the 29th day of June, 1925, and said cause docketed as directed by the statutes in such cases provided, and thereafter pursuant to said statutes the court directed the issues to be made up by said parties.

"The court further finds that heretofore, to wit, on the ——— day of ———, 1925, after the execution of said claimant's oath and bond that the defendant H. W. Pring and claimant sold said engine for the sum of $1,665 and shipped

same out of the jurisdiction of the court; that said engine is of the reasonable and market value of $1,665.

"The court, after hearing the pleadings and issues herein, the evidence and argument of counsel, and after due consideration of the findings of the jury, and the facts herein, and the law governing same, is of the opinion that the defendant and claimant, H. W. Pring, has wholly failed to establish his right and claim to said property in controversy, and that said property is subject to said attachment lien and levy, and that said attachment was at the time of its levy, and is now, a valid and subsisting lien.

"It is therefore ordered, adjudged, and decreed by the court that the said claimant, H. W. Pring, take nothing by his suit.

"It is further ordered, adjudged, and decreed by the court that the plaintiff, C. E. Pratt, do have and recover of and from defendant H. W. Pring, claimant and defendant herein, and the Ætna Casualty & Surety Company, a corporation, surety on claimant's bond, the sum of $1,665, the value of said property levied upon; and the defendant H. W. Pring, having failed to establish his rights to the property aforesaid, it is adjudged by the court that the plaintiff is entitled to recover of the defendant Pring and his surety, the further sum of $166.50, as damages, same being 10 per cent. of the value of said property; and it is therefore further ordered, adjudged, and decreed by the court that the plaintiff do have and recover of and from defendant and his surety aforesaid, 10 per cent. of the value of said property, to wit, $166.50, as damages.

"And, the defendant Pring further having failed to establish his title to the property aforesaid, it is adjudged by the court that the plaintiff, C. E. Pratt, is entitled to recover of the defendant Pring, claimant herein, and his surety, the Ætna Casualty & Surety Company, a corporation, 6 per cent. interest on the value of said property from the date of said bond, to wit, June 26, 1925, and it is further ordered, adjudged, and decreed by the court that the plaintiff, C. E. Pratt, do have and recover of and from defendant Pring, and his surety, the Ætna Casualty & Surety Company, a corporation, 6 per cent. interest on the value of said property from the date of said bond, to wit, $99.90, and for all costs of court, for which execution may issue, to all of which the defendant then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas."

The amended caption of the transcript shows that the term of court began on the 1st day of February, 1926, and adjourned on the 1st day of May, 1926, therefore the judgments above set forth were rendered at different terms.

[1] It appears to be well settled that courts may correct mistakes in their judgments at the same or a subsequent term in order to make them speak the truth, but it is equally well settled that judicial acts of courts cannot be corrected by them after the term expires. Article 2228, Revised Statutes; Smallwood v. Love (Tex. Civ. App.) 78 S. W. 400; Perkins v. Dunlavy, 61 Tex. 241; Milam

County v. Robertson, 47 Tex. 222; Missouri Pacific Ry. Co. v. J. C. R. Haynes, et al., 82 Tex. 448, 18 S. W. 605.

[2] An inspection of the judgments above set out will reveal that a judgment was entered by the court on April 13, 1926, in which the court refused to find for plaintiff against claimant and his bondsmen, for the value of the property in controversy, and that, in the judgment rendered on May 27, 1926, he gave plaintiff judgment against claimant and his bondsmen for $1,665, together with damages and interest.

We are of the opinion that the court's action in refusing to give judgment against claimant and his bondsmen was a judicial act on his part, and, while clearly contrary to the statutes, according to his other findings, was such a mistake as could not be corrected by amendment at a subsequent term.

If plaintiff was not satisfied with said judgment, his remedy was by prosecuting his appeal therefrom in conformance to his original intention as evidenced by the recitals in the first judgment.

We therefore hold that proposition 8 of claimant is well taken, and that the judgment rendered by the court on May 26, 1926, is a nullity.

This being true we find that the only final judgment in the case is the one rendered April 13, 1926, and we will now consider the assignments of claimant in so far as they affect that judgment.

His first proposition is as follows:

"In a trial of the right of property, it is necessary that the plaintiff allege and establish, prior to such trial, that he has secured against the defendant in the main suit a valid and binding judgment foreclosing his lien against the property involved in the trial of right of property action."

Claimant raised the above question in his answer by special exception to plaintiff's petition and by motion for an instructed verdict at the close of the testimony, also by his general demurrer, if he is right in his contention.

[3, 4] The action of the trial of the right of property is purely statutory, and the statute must be looked to for the purpose of determining the procedure in such cases. We find in article 7420 of the Revised Statutes a provision that, in cases where a claimant fails to establish his right to the property in controversy a judgment shall be rendered against him and his sureties for the value of the property, with legal interest thereon from the date of the bond. This statute seems to contemplate that the trial of the right of property shall be had before the trial between the original parties, for, if it had been intended otherwise by the Legislature, it could very easily have provided that the judgment should be for the amount the plaintiff might

recover from the defendant in the original suit.

In the case of Elser v. Graber, 69 Tex. 222, 6 S. W. 560, the Supreme Court, speaking through Judge Gaines, in reversing and remanding a similar case, set out the following instructions for the guidance of the court below:

"The district court of Ellis county will assess the value of the property claimed by appellee in this proceeding, after hearing evidence for that purpose, and will, without further contest of the right of property, render judgment against the claimant and sureties on his claim bond, in favor of appellant, for the value so assessed, and for 10 per cent. damages upon said value, but not to exceed 10 per cent. upon the amount claimed in appellant's writ of attachment, as well as for all costs of suit. The judgment so rendered will also direct that it may be discharged within 10 days from the date thereof by the return of the property so claimed, in as good condition as it was when received by the claimant, and the payment of the damages and costs so adjudged, or by the payment in full of any judgment that may have been or may thereafter be rendered in favor of appellant against F. M. Danelly in the suit in which the attachment levied on the goods in controversy was sued out, together with the costs and damages recovered in this proceeding."

It clearly appears that the Supreme Court was of the opinion that this character of cases could be tried before the original suit, and their holding, together with evident intention of the Legislature as expressed in the aforesaid statute, seem to us to show that the trial of the right of property is not ancillary to the original suit as asserted by claimant.

Claimant has cited Wills Point Bank v. Bates, Reed & Cooley, 76 Tex. 329, 13 S. W. 309, in support of his contention. In that case claimant prayed that plaintiffs be enjoined from levying execution under the judgments in the trial of the right of property cases for amounts in excess of the judgments recovered by plaintiffs against the original defendants, and hold that the judgments which were rendered against claimant for the value of the property should not have been set aside or reversed on appeal.

[5] Claimant next contends that the court erred in not striking from plaintiff's second amended and second supplemental petitions the allegations that the Frost Manufacturing Company belonged to "what was commonly known as the boiler and engine trust," and that, not being able to make the "anti-trust affidavit" required of foreign corporations applying for a permit to do business in Texas, it made a bogus sale to its agent Pring for the purpose of covering up the fact that it was doing business in Texas.

[6] Plaintiff contends in this case ·that the sale made by the Frost Manufacturing Company to Pring was a pretended sale only, and that the engine in controversy was really the property of the defendant. We see no reason why the reasons for a pretended sale being made should not be alleged. If it is true, as alleged in plaintiff's petition, that the reason for the pretended sale was the fact that defendant wished to hide the fact that it was doing business in Texas, then, Pring being the agent of defendant, could not be prejudiced by a disclosure of those facts, of which he must have been cognizant. The judgment rendered by the court on April 13, 1926, being the final judgment in this case, and not being in conformity with the statute, presents fundamental error.

The statute directs what judgment should be rendered by the court in this character of case, and, the court having failed to render the judgment required thereby, we must reverse the judgment so rendered and remand the cause.

In view of this disposition of the case, we deem it unnecessary to discuss the further assignments.

Reversed and remanded.