## JOHN H. GARNHART
### *v.*
## DANIEL RENTCHLER *et al.* ·

72  535
40a 198

1. PRINCIPAL AND AGENT—*compensation of the latter.* Where a principal authorized his agent to sell machines for him, and to make certain representations in regard thereto, and the agent was to receive a per cent out of the proceeds of sales made by him, and the agent makes sales, but the machines were all returned, because of their not coming up to the representation made in regard to them by the authority of the principal, it was *held*, that the agent could recover the amount of his per cent upon the sales so made by him, he having done all the contract required of him, and failed to get his pay through the fault of his principal.

2. Under a contract to pay an agent a commission on sales made by him, he can only recover for sales made, and not upon contracts to sell.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. MARSHALL W. WEIR, for the appellant.

Messrs. KASE & HINCHCLIFFE, and Messrs. WILDERMAN & HAMILL, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

By the terms of the contract between appellant and appellees, he was to pay them for selling his machines, 20 per cent on cash sales, and 12 per cent on time sales. They were, among other things, required to set up and start all machines when sold, and remedy every complaint within their power; and they also agreed not to hold the appellant liable for damages

in the event that he was not able to fill their orders. Each machine was to pay its own commission—that is, the commission for the sale of each machine was to be deducted and retained by appellees from the proceeds of such sales. Appellant failed to furnish such a machine as he was bound to furnish by the contract, and thereby rendered it impossible for appellees to receive the proceeds of the sales of any machines, and, necessarily, the commissions to which they were entitled. Appellees sold and delivered 31 machines sent to them by appellant for that purpose, but they were all returned, because they were not constructed in conformity with the requirements of the contracts which he authorized appellees to make in regard to their sale.

As to the commissions on these 31 machines, it is clear that appellees were entitled to recover. They did all they were required to do by the contract, and failed to receive their commissions in the manner by it provided, by reason of his default. He must be held to make his contract good, and pay them what they would have received but for his default.

But the appellees, having elected to rely on the contract, can only recover by virtue of its provisions. These only authorize the payment of commissions on sales, and not on contracts for sales. The sales were not complete until the machines were delivered, and the duties of appellees in that respect were not performed until they had " set them up and started them," and " remedied every complaint made against them within their power."

No provision was made for payments to be made for soliciting orders, or making preliminary contracts in respect to the sale of machines; and appellant was expressly absolved from liability on account of his inability to fill orders. It is not pretended that the appellees received more than 31 machines from appellant, or that they consummated actual sales for more than that number. It is therefore impossible, even if we were to presume, what the evidence does not warrant, that these were sold for cash, to sustain the judgment for $1400. This amount can only be reached by including commissions on the sale of

machines that were never received by appellees; and, inasmuch as there is no evidence to authorize a recovery on a *quantum meruit* for the value of the services actually rendered, the judgment must be reversed and the cause remanded.

The modification of the appellant's instructions was not proper; still, as we do not conceive that it was calculated to mislead the jury, we should not reverse for that cause alone.

*Judgment reversed.*