## E. P. Restein v. McCadden & Bro., Appellants.

[Marked to be reported.]

*Broker—Commissions—Sale—Principal and agent.*

Where a broker procures a customer for goods, and the seller accepts the customer as a purchaser, receives his order and undertakes to execute it, the broker has earned his commission, and is entitled to recover it.

In such a case where the purchaser refuses to receive the goods, alleging that they were not properly made, the seller cannot relieve himself of liability to the broker for the commission by saying that the commission was not to be paid until the goods were delivered and paid for.

If the goods were properly made, the seller could compel the purchaser to pay for them; if they were not properly made he could recover nothing from the purchaser. The broker had no concern with either of these questions.

Argued Jan. 8, 1895. Appeal, No. 408, Jan. T., 1895, by defendants, from judgment of C. P. No. 3, Phila. Co., June T., 1893, No. 881, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for commissions for sale of kites.

At the trial plaintiff testified that he procured John C. Kolb, as a customer for defendants for one hundred and fifty gross of kites, and that he was to receive as commission for effecting the sale fifty-five cents per gross. The evidence showed that defendants accepted Kolb as a customer, and undertook to fill his order, and that they made and delivered fifty-four gross of kites, which Kolb refused to receive on the ground that they were not properly made, and would not fly. Defendants testified that the commissions were not to be paid until the goods were delivered and paid for. This was denied by plaintiff.

The court charged as follows:

" The plaintiff's claim in this case is in the nature of commissions for having made a sale of goods for the defendant. It appears that the specific rate of compensation, whether it is to be considered as commission or otherwise, is not disputed by the parties. It was to be fifty-five cents per gross. From the papers which have been offered in evidence, it appears that the plaintiff did make a sale; that is, he went to Mr. Kolb and Mr. Kolb gave an order for one hundred and fifty gross of kites at two dollars and twenty-five cents per gross. Now, whilst there may be some disagreement as to the time when the commission was to be paid, there can be no doubt that when the plaintiff presented this order from Mr. Kolb, and when the defendant accepted that order, then the plaintiff had earned his commission. If the evidence is contradictory as to that, and as to how it was to be paid, you must settle that yourselves. But there is this to be said, suppose it was to be conditional upon the receipt of the money in payment of the order, if the defendant did not supply the articles ordered, and if that is the reason the sale was not consummated, the defendants are still liable, and the verdict should be for the amount claimed. Even if they supplied a perfect article, even if Mr. Kolb was unreasonable in his objection, the plaintiff has nothing to do with that, because if the defendant had furnished a proper article under Mr. Kolb's order, they could hold Mr. Kolb responsible for it, and all that they had to do was to deliver the one hundred and fifty gross of kites at his place. If Mr. Kolb then refused to pay for them, of course the defendants here had the right to sue him, and they could and would have recovered for them upon

proof that they furnished the goods in compliance with the or-
der. The only defence Mr. Kolb would have had would have
been that the goods were not properly made, or that they were
not merchantable, and not such goods as he had a right to
demand. Therefore, in any event, this commission has been
earned, and I do not see where there can be any defence to this
claim unless it arises out of the method in which payments
were to have been made."

Verdict and judgment for plaintiff for $83.50.

*Error assigned* was instruction, quoting it.

*M. J. O'Callaghan,* for appellants.—The questions of fact in
this case should have been submitted to the jury: Shaver v.
McCarthy, 110 Pa. 339; Reber v. Herring, 115 Pa. 599; Spear
v. R. R., 119 Pa. 61; Branson v. Kitchenman, 148 Pa. 541.
The court assumed in the charge that there was a contract to
pay commissions upon the acceptance of the order, which was
directly contrary to the agreement of the parties. This was
error: Webb v. Lees, 149 Pa. 13.

*A. E. Stockwell,* for appellee.—Plaintiff is entitled to his com-
mission no matter if payment was originally conditioned upon
the delivery to and payment for the goods by Mr. Kolb: Me-
chem on Agency, § 97; Parker v. Walker, 8 S. W. 391;
Cook v. Fiske, 12 Gray, 491; Love v. Miller, 53 Ind. 294;
Sweeney v. Oil Co., 130 Pa. 193; Edwards v. Goldsmith, 16
Pa. 43; Reed's Exrs. v. Reed, 82 Pa. 420; Adams Express Co.
v. Egbert, 36 Pa. 360; Keys v. Johnson, 68 Pa. 42; Johnson
v. Drill Co., 39 Leg. Int. 403.

OPINION BY MR. JUSTICE GREEN, Feb. 18, 1895:

The learned court below was not mistaken in speaking of the
contract as a matter that was not in dispute. It was proved by.
the plaintiff, and also by Mr. Kolb, who gave the order written
by himself, at the instance of the plaintiff, and it was admitted
by the defendants in their affidavit of defence, and further, prov-
ed on the trial by their agent Leslie, who made the contract with
the plaintiff. According to all of this testimony the plaintiff
obtained for the defendants, from Kolb, an order in writing for

150 gross of kites at $2.25 per gross, and delivered it to the defendants who accepted it. Leslie, on cross-examination, was asked: " Q. You accepted the order in which ·Mr. Kolb agreed to pay you $2.25? A. Yes, sir. Q. And you were to pay him fifty-five cents? A. Yes, sir; when the goods were delivered and paid for."

The defendants then undertook to fill the order, and they made and delivered 54 gross of the kites. The purchaser Kolb, and his bookkeeper Connor, testified that they would not receive them because they were not properly made, they would not fly after repeated efforts. Kolb also testified that he was anxious to have them and would still take them at the time of the trial if they were so made that they would fly. Of course this testimony raised a question whether the kites were properly made so that Kolb ought to have received them. But with that question this plaintiff has nothing to do. He procured the customer and the defendants accepted him as a purchaser, received his order and undertook to execute it, and upon all the authorities the plaintiff had then earned his commission. Keys v. Johnson, 68 Pa. 42; Reed's Exrs. v. Reed, 82 Pa. 420; Sweeny v. Oil Co., 130 Pa. 193; Mechem on Agency, sec. 967.

Nor does it matter whether there was a controversy on the testimony as to when the commission was to be paid. · That question was left to the jury by the learned Court below, but it is perfectly apparent that the defendants could not relieve themselves of their liability for the commission by saying that the commission was not to be paid until the goods were delivered and paid for, when the very controversy between them and the purchaser was only upon the question of a defective execution of the order. If the goods were properly made, they could compel the purchaser to pay for them or pay them compensatory damages. If they were not properly made they could recover nothing from the purchaser, but that result would flow from their own negligence. But the plaintiff has no concern with either of these questions.

Judgment affirmed.