## Samuel Alcorn, appellant, *v.* George C. Christian.

*Contract—Nudum pactum—Want of consideration.*

A commission broker placed certain orders for flour with a miller which the latter accepted and upon which commissions became due to the broker. The miller sold his mill and business, including these orders to defendant. Defendant volunteered an assurance to plaintiff " that he would receive his commissions no matter when the flour was shipped." *Held,* On a suit instituted to recover commissions thus alleged to be due, that defendant's promise was purely gratuitous, an agreement without apparent consideration, to pay the antecedent debt of another, and of no binding, force and effect in law.

Argued December 9, 1896.    Appeal, No. 169, November T., 1896, by plaintiff, from judgment of C. P. Northampton Co., April T., 1895, No. 23, on point reserved non obstante veredicto. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.    Affirmed.

Assumpsit by foreign attachment to recover commissions. Before SCOTT, J.

The plaintiff, a flour commission broker, had for several years prior to October 16, 1894, been selling flour for George H. Christian, a miller residing in Minneapolis. During the months preceding, the plaintiff sent to George H. Christian a number of orders which had been accepted by him and on which commissions were due plaintiff amounting to $246.30. On or about October 16, 1894, George H. Christian transferred his business to George C. Christian. In the transfer of the mill property and business these orders were transferred to George C. Christian, and so far as they were unfilled, were filled by him.

On November 14, 1894, George C. Christian wrote to plaintiff a letter, which is as follows :

"MINNEAPOLIS, Minn., Nov. 14, 1894.

"SAMUEL ALCORN, ESQ., Drexel Building, Philadelphia.

"Dear Sir: Your letter of the 12th is at hand. You have evidently misunderstood me; [my position in the matter is this. On all orders for Phila. points placed on our books before I took possession of the mill, Oct. 17th, you will receive commission, no matter when the flour is to be shipped. On any orders which I may have obtained by direct communication after Oct. 17th, I can allow no commission.]

"I hope this is plain enough to do away with the need of continuing a correspondence which your lack of moderation renders annoying.

　　　　　　"Very truly yours,
　　　　　　　　　　"GEORGE C. CHRISTIAN."

And again on January 21, 1895, he wrote a letter of which the following is the essential part as affecting this transaction.

"MINNEAPOLIS, Minn., Jan. 21st, 1895.

"S. ALCORN, ESQ., Drexel Building, Philadelphia.

"Dear Sir: Your favor of the 19th is at hand and contents carefully noted. Mr. Smallwood bought 4 cars on Oct. 22nd. [Now my position has been that, having no contract with you. my only obligation towards you was in the case of orders already on the books when I took the mill—that is, orders booked before Oct. 17th.]

　　　　　　"Very truly yours,
　　　　　　　　　　"GEORGE C. CHRISTIAN."

Under instructions of the court below, a verdict was rendered in favor of the plaintiff for the sum of $246.30, subject to the reservation by the court of the question of law whether there is any evidence in the case to be submitted to the jury upon which the plaintiff is entitled to recover. The court below subsequently entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was entering judgment for defendant on the point reserved non obstante veredicto.

*Edward J. Fox*, with him *James Alcorn*, for appellant.—The benefit which defendant would derive from the profits of the

transaction directly, as well as the indirect benefit which he would derive from the continued business intercourse with these customers, afforded the consideration which is needed to support his promise to pay.

It appears proper for us to say that the consideration need not be expressed in the writing, but may be proved by any other evidence that is legal: Shively v. Black, 45 Pa. 345. Where there is in existence an obligation on the part of another, a promise to perform that obligation if he does not, is not within the statute of frauds if it is made upon a new consideration inuring to the benefit of the promisor, although the former obligation is not extinguished, provided the chief purpose of the promisor is to obtain a benefit for himself: Jefferson v. Slagle, 66 Pa. 202; Merriman v. McManus, 102 Pa. 102; Riegelman v. Focht, 141 Pa. 380.

Assuming that this was an entirely new undertaking, the judgment should have been entered for the plaintiff: Elkin v. Timlin, 151 Pa. 491.

*Russell C. Stewart,* for appellee.—On the question of consideration, cited Paul v. Stackhouse, 38 Pa. 303; Chambers v. Davis, 3 Whart. 40.

To prove a change of relation so as to take a case out of the statute of frauds it must be clear and indubitable evidence: Haverly v. Mercur, 78 Pa. 257.

A consideration is not to be implied where none is expressed in a paper not negotiable.

A promise to pay a debt of another, although in writing, is of no force unless founded upon a consideration, either actual or by the existence of a seal. Where the promise is to pay the overdue debt, mere forbearance, without an agreement to that effect, is no consideration: Hess' Estate, 150 Pa. 346.

OPINION BY WICKHAM, J., May 10, 1897:

The appellant, a commission broker in Philadelphia, sent to George H. Christian, a miller of Minneapolis, Minnesota, certain orders for flour which the latter accepted. By these acceptances he became liable, presently, to the appellant for a commission of ten cents per barrel on the order of each customer, and apparently is yet so liable for the commissions unpaid.

Before he had paid the appellant in full, he transferred his mill and business including the orders, to George C. Christian, the defendant in this suit. The defendant took possession on October 17, 1894, and on November 14 of the same year wrote the appellant, " On all orders placed on our books before I took possession of the mill October 17th, you will receive commissions, no matter when the flour is to be shipped. On any orders which I may have obtained by direct communication after October 17th I can allow no commission." On January 21, 1895, the defendant again wrote the appellant, refusing for reasons given, to pay commission on certain of the sales covered by the promise contained in the first letter, but admitting his general liability under that promise, while denying having made any contract with the appellant. If the defendant were liable at all to the appellant, the latter was entitled to recover $246.10, the amount allowed by the jury.

The above are the material facts contained in the special verdict. At first glance it would seem that the question of law reserved at the trial involves an examination of all the evidence in the case, but a closer view sufficiently shows, that the decision of the jury rests, and was intended to rest, solely on the facts specially found, and that they alone are to be considered in passing on the reserved point, namely: " whether there is any evidence in the case to be submitted to the jury upon which the plaintiff is entitled to recover." This comment is suggested, not because we think any necessary fact was omitted from the verdict, or that a consideration of the whole evidence would strengthen the appellant's cause, but to relieve the reserved point from any objection that might be made to it, based on the ruling in Yerkes v. Richards et al., 170 Pa. 346. It was there held, that a point reserved in the words of the one before us which was evidently copied from one, held to be good, in Newhard v. P. R. R. Co., 153 Pa. 417, was not sufficient, in the absence of a distinct statement of the facts to which it was intended to apply. As the case of Newhard v. P. R. R. Co. was unavailingly cited and relied on, by counsel, at the argument of Yerkes v. Richards et al., it would seem to be impliedly overruled in respect to the matter now under consideration.

The liability of the defendant must be sought for in his two letters above mentioned. He had no contract with George H.

Christian the original debtor of the appellant to pay the latter anything. It does not appear that the appellant retained any control over the orders. He could neither withdraw nor transfer them. When he placed the orders with George H. Christian he ceased to have any further interest in them, and had fully earned his commissions : Restein v. McCadden & Bro., 166 Pa. 340. The defendant's promise was purely gratuitous, an agreement without any apparent consideration, to pay the antecedent debt of another and, therefore, as the learned judge of the court below has clearly shown, cannot be enforced. It is no more binding in law than would be a gratuitous promise of the buyer of a farm, to pay for seeds sold to a former owner, and which were growing plants when the land was purchased, or a like agreement to compensate the plowman who had prepared the fields for the sower. The "obligation" mentioned in the second letter evidently refers to the promise contained in the first. If it does not, then we must wander in the regions of conjecture in search of its meaning.

Conceding that the facts set forth in the finding of the jury create a suspicion that some consideration existed for the promise, this is not enough to rest upon, nor is the plaintiff aided by the seeming dishonorable nature of the defense. It is a complete legal defense, and therefore the courts are bound to respect it.

Judgment affirmed.