(32 App. Div. 208.)

### STONE v. ARGERSINGER et al.

(Supreme Court, Appellate Division, Third Department.  July 6, 1898.)

1. AGENCY FOR SALE OF GOODS—RIGHT TO COMMISSIONS.
   One under contract to sell from samples, and to receive a commission on all sums collected from his sales, cannot recover commissions on sales which failed of completion by reason of goods returned, orders countermanded, goods sold differing from samples, prices being less than authorized, or the poor financial standing of buyers, where such failure was not due to the fault of the employer.

2. SAME—RIGHT OF PRINCIPAL TO CANCEL ORDERS.
   Where one sells under a contract to receive a commission on all sums collected from his sales, the employer is justified in relying on the reports of the commercial agencies for the financial standing of the purchasers, and such other information as he might in good faith resort to, and in canceling orders from irresponsible purchasers.

3. SAME—INABILITY OF PRINCIPAL TO FILL ORDERS.
   It is not ground for withholding commissions earned under a contract providing that commissions should be due out of all sums collected from sales made by the employé that it was not possible for the employer to fill the orders in the usual course of business.

Appeal from judgment on report of referee.

Action by Charles A. Stone against Philetus P. Argersinger, survivor, etc.  There was a judgment for defendant, and plaintiff appeals.  Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Charles A. Stone, for appellant.
Harwood Dudley, for respondent.

LANDON, J.  The defendants were manufacturers of gloves and mittens at Johnstown, N. Y., and they employed the plaintiff as their traveling salesman; and he seeks to recover in this action a balance which he alleges remains unpaid upon the commissions which he earned in the years 1886 and 1887.  The referee found, upon conflicting evidence, that the account for the commissions of 1886 was settled and adjusted between the parties.  We have examined the evidence, and find no reason to set aside this finding.  A separate contract in writing was made for the year 1887, which provided:

"That the party of the first part [plaintiff], for and in consideration that the parties of the second part [defendants] furnish to him samples of gloves and mittens of the kind and at the same prices as are by them furnished to their other agents, does hereby agree to and with the parties of the second part

to travel exclusively and sell from such samples, and make terms on sales 6 per cent. off 10 days, 5 per cent. off 30 days, or 4 months net, and travel in Maine, New Hampshire, & Vermont, and report all sales to parties of second part, and agree to accept in full payment for his services and traveling expenses the rate and sum of eight per cent. on all sums which shall be collected from the sales made by him. Parties of the second part agree to pay to party of the first part, from time to time as the same shall be called for, two-thirds the amount due him by reason of such sales, and to pay the balance due him at a general settlement between the parties hereto, after the amounts of all sales are collected."

The plaintiff procured and forwarded to the defendants many orders which they accepted and filled, and collected the full amounts due thereon. No question arises as to these. The plaintiff procured and forwarded to the defendants numerous other orders, in respect to which the question arises whether the defendants, although they made no collections thereon, should not pay the plaintiff commissions upon the amount of the orders. (1) The defendants filled some of these orders, and the purchasers returned to them a part of the goods. The referee finds that such returns by the purchasers were not due to any fault of the defendants. (2) Some of the persons giving orders countermanded them in whole or in part before defendants filled them. This without fault of the defendants. (3) Some of the orders obtained by plaintiff were not filled by defendants for the reason that plaintiff had sold them for less than the prices which he was authorized to make. (4) Some orders were not filled because of the unsatisfactory financial standing of the customers, as reported in Dunn's or Bradstreet's commercial reports, and in some cases as otherwise ascertained. The referee finds that the "defendants used reasonable endeavors to learn the financial standing of such persons." (5) Some of the orders procured by the plaintiff contained discrepancies between plaintiff's statement of the aggregates and the amounts of the specific details, and defendants filled the orders according to the specific details. (6) Plaintiff did not send one order until after the season had closed, and the defendants did not fill the order because they did not then have the goods. (7) The defendants did not bill a few small orders for "specials"; that is, for goods differing from the samples. (8) The defendants made no collections upon account of the orders that thus proved to be unproductive.

As the plaintiff, under the agreement, is entitled to commissions only "on all sums which shall be collected from the sales made by him," he must, in order to recover his commissions upon orders which did not produce collections, show that the failure to make collections was the fault of the defendants. The contract requires good faith and reasonable diligence on the part of the defendants in executing the orders and in making the collections, but it evidently contemplates that, without fault on their part, some orders will prove unproductive. In such case the plaintiff would not be entitled to commissions. The plaintiff urges that the defendants were not obliged to take back the goods which the purchasers returned. Possibly that is so, but most of the orders were small, the purchasers in distant parts of the country, and the defendants' business would probably suffer more from contentions with their customers than from acquiescence in the return of the goods; and this hazard of the business was evidently in the mind

of the parties when they fixed the commissions upon the amount of the collections, instead of upon the amount of the orders. The defendants were justified in relying upon the reports of the commercial agencies for the financial standing of the purchasers, and upon such other information as they might in good faith resort to. We assume from the evidence that such customary recourse for information was within the contemplation of both parties. The contract did not require them to fill orders for goods differing from the samples. The plaintiff procured orders to the amount of $326 which the defendants did not fill, because, as the referee finds, it was not "possible for them to fill [them] in the usual course of business." It does not appear that the plaintiff, in procuring such orders, departed from the terms of his contract with defendants; and hence the nonproductiveness of the orders was the fault of the defendants, and they should pay the commissions. Taylor v. Enoch Morgan's Sons Co., 124 N. Y. 184, 26 N. E. 314. The defendants failed to fill some other orders because they called for "seconds." Whether the samples embraced "seconds" the record does not inform us. The item is small, and we are not able to see that it ought to be allowed. The result is the plaintiff should have been allowed commissions upon the item above numbered 8,— $26.08. Upon the referee's basis of estimate, he was overpaid $5.45, which, being deducted, leaves $20.53, which, with interest from June 1, 1888, should be deducted from the judgment for costs entered against him. Judgment modified accordingly, and, as modified, affirmed, without costs.

Judgment modified by deducting therefrom $20.53, with interest from June 1, 1888, and, as modified, affirmed, without costs. All concur.