### In re LADUE TATE MFG. CO.

(District Court, W. D. New York. January 21, 1905.)

#### No. 1,652.

1. BANKRUPTCY—PROVABLE DEBTS—CONTRACT FOR COMMISSIONS.

A contract between a bankrupt mercantile company and a sales agent construed, and *held* to entitle the agent to commissions on orders obtained by him which were accepted and filled by the company, but not on orders which, for sufficient reason, were not accepted or were canceled by the buyers.

2. SAME—EVIDENCE—UNAUTHENTICATED LETTERS.

On the hearing of a claim against a bankrupt estate for commissions on orders for goods obtained by the claimant as sales agent for the bankrupt, letters received by the trustee, purporting to have been written by customers from whom the claimant had taken orders, are not admissible to prove a cancellation of such orders, without proof of their authenticity.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 1648–1652.]

In Bankruptcy. On review of referee's decision on contested claim.

William F. Wierling, for claimant.

Baker & Schwartz (Thomas C. Burke, of counsel), for trustee.

HAZEL, District Judge. The claim filed herein by Christian E. Geiger, amounting to $3,264.23, is for commissions alleged to have been earned as sales agent for the bankrupt, a mercantile corporation. Objections to the allowance thereof were interposed by the trustee. The referee, after hearing the evidence, allowed the claim at $51.40. Upon the hearing the claimant had the affirmative of the issue. He proved that he had procured for the bankrupt a large number of orders for merchandise to be delivered at a future time, but he failed to satisfactorily establish the amount of commissions actually earned, or the amount of money received by him to apply thereon, prior to December 31, 1903. The testimony of the claimant that the bankrupt was indebted to him in the sum of $600, commissions earned between September 6, 1901, and June, 1902, and the further sums of $1,000 for the year ending June, 1903, and $1,300 for the period between said last-mentioned date and September 25, 1903, is indefinite, vague, and uncertain. The arrangement between Mr. Tate, general manager of the bankrupt, and Geiger, was that commissions should be earned upon all orders accepted and filled by shipment, and not merely upon orders obtained. Such an arrangement between the parties must be fairly interpreted, and the employer has no right to arbitrarily reject orders obtained in good faith. Taylor v. Enoch Morgan Sons Co., 124 N. Y. 188, 26 N. E. 314. The claim is interposed on an erroneous assumption that the commissions were earned when orders were obtained by the sales agent and turned over to his principal, instead of on all goods sold and shipped. The contract, as interpreted by the referee, undoubtedly expressed the intention of the parties, and hence I agree in his conclusion respecting the same.

After the filing of the petition in bankruptcy, various customers canceled orders amounting to $5,336.28. It is quite possible, had bankruptcy not intervened, that, with the exception of those of Geddes & Bennett, McClean, Bowman & Co., Harry L. White, and John Brash & Co., all such orders would have been filled, and the commissions earned by the sales agent. The burden was undoubtedly upon the trustee to show which orders were not finally shipped, and, if there was a justifiable cancellation thereof, to establish that fact; otherwise the claimant was entitled to commissions on such sales. The evidence in support of certain cancellations was improperly received. The record shows that about seven letters written and mailed to the trustee in bankruptcy by customers canceling orders for merchandise previously given were received in evidence over claimant's objection to their introduction, without any proof of their genuineness. The mere fact that they were received by the trustee in the manner indicated, without proof of their authenticity (they not being strictly part of the transaction between claimant and the bankrupt), does not establish their contents. Greenleaf on Evidence, vol. 1, § 575 (16th Ed.) vol. 9, Amer. & Eng. Ency. of Law, 898; Hildreth v. Shepard, 65 Barb. 265. These orders were from responsible parties, and undoubtedly were acceptable to the bankrupt. The suggestion that Geiger notified the writers of the letters or some of them of the bankruptcy, and suggested cancellation of their

orders, would, if true, have weight, and would perhaps warrant their reception without other evidence of the signatures or authorship. But the suggestion mentioned is not borne out by the proofs. Admittedly, Geiger notified his customers, some of whom had previously given him orders as sales agent of the bankrupt, that bankruptcy proceedings had been instituted, but I am unable to infer from the showing that he invited cancellations of any of the orders. No claim is made for commissions upon merchandise sold to such customers who afterward elected to place their orders elsewhere. In the circumstances, the claimant is entitled to recover commissions claimed to be due from the bankrupt on the following orders, in addition to those enumerated by the referee: Robinson & Co., J. A. Borland, Sarah A. Herrick, Jennie E. Zimmerman, and William Windhorst.

It was conceded at the argument that claimant is entitled to a further sum of $80.16, on account of an additional 2½ per cent. commission on certain orders which apparently the referee overlooked. The claim is allowed at $465.75.