CASTLEMAN BLAKEMORE CO. v. LEWIS. (No. 5544.)

(Court of Civil Appeals of Texas. Austin. Jan. 5, 1916. Rehearing Denied March 1, 1916.)

PRINCIPAL AND AGENT ☞81(4) — AGENT'S RIGHT TO COMMISSION—QUASI ESTOPPEL.

Where a salesman's contract provided that his employer would pay "commissions on net amount of all sales made by him and accepted and shipped," but stipulated that the salesman should receive commissions on all sales made to a grocery company, with which he was to co-operate, however the order should be received by his employer, such salesman could recover commission for an order secured by him from the grocery company, which he forwarded to his employer and which the latter accepted, but on which it refused, without legal excuse, to ship the goods, in view of the fact that after the contract of sale to the grocery company was made the salesman at his own expense secured orders in his territory by which all of the goods ordered would have been sold, had they been delivered, and that he weekly reported such orders to his employer, without objection from the latter.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 196–198; Dec. Dig. ☞ 81(4).]

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Suit by J. S. Lewis against the Castleman Blakemore Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Scott & Ross, of Waco, for appellant. Davis & Cocke, of Waco, for appellee.

KEY, C. J. This is a suit by an agent to collect commissions for effecting sales of merchandise. The plaintiff recovered judgment, and the defendant has appealed. The proof shows that the plaintiff procured an order from the Cooper Grocery Company, which he forwarded to the defendant and which the latter accepted, but subsequently, without legal excuse, refused to ship the goods called for by the order. It is true that one paragraph of the contract creating the plaintiff's agency reads:

"The company agrees to pay the salesman commissions on net amount of all sales made by him and accepted and shipped by the company, at the following rates," etc.

But by another paragraph it is stipulated that:

"The salesman is to work with and through the Cooper Grocery Company of Waco, Hills-

boro, and Temple, Tex., and is to receive commissions on all sales made to the Cooper Grocery Company in whatever manner the order shall be received by the company."

Considering all these provisions of the contract together, we are not willing to sustain appellant's contention to the effect that appellee is not entitled to recover because appellant never shipped the goods ordered by the Cooper Grocery Company, although it obligated itself by written contract so to do, and breached that contract when it failed to ship them. The proof shows that after the contract of sale was made appellee at his own expense secured orders in the territory represented by him by which all of the goods referred to would have been sold by the Cooper Grocery Company, if they had been delivered to that company by appellant, and that he made weekly reports of such orders to appellant and the latter made no objection thereto. If those facts do not constitute an estoppel, strictly speaking, they at least illustrate the hardship that might result from adopting appellant's construction of the contract of agency, and justified the court below in adopting the other and more equitable construction of that instrument.

Judgment affirmed.