STAR CLOTHING MANUFACTURING COMPANY *v.* JONES.

Opinion delivered February 2, 1920.

MASTER AND SERVANT—COMMISSIONS OF TRAVELING SALESMAN.—Where an employer agreed to pay its salesman 6 per cent. commission on all orders booked, accepted and shipped, and 3 per cent. on mail orders, the employer had no right arbitrarily to refuse to fill his orders, and could do so only for sufficient reason, such as the rejection of an order by its credit department, and it was an arbitrary refusal to decline to fill an order because of an advance in price over that at which the salesman had been authorized to and did sell.

Appeal from Nevada Circuit Court; *George R. Haynie,* Judge; affirmed.

*W. P. Murrah,* for appellant.

1. Appellant was not due appellee any commissions on orders until the goods were shipped; the verdict is contrary to the law and evidence, and the giving of plaintiff's instructions and the refusal of defendant's were erroneous.

It was error to give instruction No. 1 for plaintiff, for it goes far beyond the contract plaintiff was working under and makes him entitled to commissions on goods not shipped, under certain conditions. 90 Ark. 88; 105 *Id.* 215; 95 *Id.* 421.

2. It was error to refuse instruction No. 2 for defendant, as it was not denied that defendant had the right to accept or reject orders sent in by traveling salesmen.

Instruction No. 4 refused was covered by the one given by the court's own motion. A long citation of authorities is unnecessary to show that a contract had been entered into and that the verdict and judgment were contrary to the terms of the contract and the judgment should be reversed. Appellee had acted under this same contract for six or seven years and taking orders under it and had accepted the terms without complaint. If no contract or agreement had been entered into he was bound by the custom and appellee had no cause of action until the goods were shipped and accepted by the customers, and no commissions were due.

*McRae & Tompkins,* for appellee.

The company accepted the orders taken by Jones, and in almost every instance the goods were shipped, and a binding contract was thus made. The judgment is based on the amount of accepted orders as shown by the testimony of the sales manager. At the trial appellant *did not raise the question that the orders taken by Jones had not been accepted.* It based its defense solely upon the fact that the goods had not been shipped. The proof conclusively shows bad faith on the part of appellant in making excuses, as all goods bought after the advance in price were promptly delivered.

By its verdict under instruction No. 1 the jury found that Jones was working for appellant under a 6 per cent. commission contract on goods accepted and shipped; that appellant accepted the orders and had the goods to fill these orders and arbitrarily refused because of a large advance in price. 26 N. E. 314 is not this case. See also 135 Fed. 910. Here the agent produced a purchaser, ready, willing and able to purchase, and appellee earned his commission. 132 Ark. 378; 87 *Id.* 506; 44 L. R. A. 593 and note; 89 *Id.* 289; 112 *Id.* 566; 97 *Id.* 23. There were no errors in the instructions given for plaintiff nor refused for defendant. Cases *supra,* and see also 15 Pa. Sup. 250; 94 N. W. 910; 183 S. W. 1182; 49 N. W. 586. The case was fairly tried upon proper evidence and instructions and should be affirmed.

SMITH, J. This is a suit by an agent to collect commissions for effecting sales of merchandise. The plaintiff recovered judgment, and the defendant has appealed.

The testimony shows that plaintiff took numerous orders for goods in the territory in which he traveled, which were forwarded to and accepted by defendant, and portions of most of these orders were filled, but that the price of the goods sold advanced rapidly and considerably after the orders therefor had been taken and accepted and defendant ceased filling the orders. It was shown that later orders placed at the advance prices were promptly filled.

The suit was defended upon awo grounds; the first being that the goods in question were required to fill Government orders for military purposes; but that defense was submitted under an instruction which told the jury to find for the defendant, if the failure to fill orders was due to that fact, so that that defense has passed out of the case.

The second defense, and the one which presents the controlling question, is that defendant became liable for the agent's commissions only when it had accepted orders and had shipped out the goods filling the orders.

The contract out of which this controversy arises was an oral one, yet there is no substantial difference in the statement of its terms by the parties thereto. The agent was to receive 6 per cent. commission on all orders booked, accepted and shipped which were received from him, and 3 per cent. when mail orders were received from his territory.

Declaring the law applicable to a contract of that character, the court gave the following instruction: "No. 1. You are told that if you find from a preponderance of the evidence that the plaintiff worked as salesman for the defendant, under an agreement that he should receive six per cent. commission on all goods sold by him, when the orders were accepted by the defendant, and shipped by them, and that the defendant accepted the orders, then they had no right to arbitrarily refuse to ship the goods and if you believe that they refused to ship the goods for the reason that the price advanced, and in order to sell the goods at a higher price, and that they did have the goods to fill such accepted orders and did not fill the orders taken by plaintiff and accepted by them, because they could and did sell them for a higher price, your verdict should be for the plaintiff for 6 per cent. commission on such accepted orders not filled for the reason stated."

This instruction was given over defendant's objection, and instructions asked by defendant were refused which declared the law to be that defendant had the right to reject any orders, or parts thereof, up to the time the

goods were to have been sent and that defendant was liable only for the commissions on goods which were shipped.

The testimony is undisputed that the orders were accepted, and, on conflicting testimony, the jury had found against defendant's explanation of its failure to fill them. Certain orders transmitted by plaintiff were turned down by defendant's credit department, and no commission is claimed on these orders.

We think a fair construction of this contract is that defendant had no right to arbitrarily refuse to fill plaintiff's orders, and that it was arbitrary to do so because of an advance in the price over that at which he had been authorized to sell and had sold. The provision of the contract that the commission should be earned, upon the shipment of the goods, determined when the commission had been earned, and it must necessarily be assumed, in the absence of proof to the contrary, that the parties contemplated shipments would be made, in the usual and ordinary course of business, unless some valid and sufficient reason appeared for not doing so, such as the rejection of the order by defendant's credit department.

The testimony is that plaintiff devoted his whole time to his agency, and incurred considerable personal expense in traveling over the territory in which he took the orders, for all of which he expected compensation out of his commissions. So that, in the absence of a stipulation that defendant might accept or reject such orders as it pleased, for any reason satisfactory to itself, we must approve the construction placed upon the contract in the instruction set out above to the effect that defendant had no right to arbitrarily refuse to ship the goods, and that it was arbitrary to do so because of the advance in price.

In the case of *Taylor* v. *Enoch Morgan's Sons' Co.*, 26 N. E. 314, the Court of Appeals of New York, in an opinion by Haight, J., had occasion to construe a contract in which the agent's commission was to be paid "upon all orders accepted from *bona fide* purchasers." The contention was there made that the principal became

liable to the agent for the commission only upon such orders as it accepted, and that it would not be liable for commissions on orders which, for reasons satisfactory to itself, it had declined to fill. In disposing of that contention it was there said: ''We incline to the view that it was the duty of the defendant to accept all orders presented by the plaintiff from *bona fide* purchasers which were made in accordance with the provisions of the contract, and that they did not have the right, without cause, to arbitrarily refuse to accept such orders. Such a construction of the contract would require the plaintiff to travel over the territory mentioned at his own expense six times a year, with a right on the part of the defendant to reject every order presented by him, and to thus deprive him of any commissions." To the same effect, see also, *Wolff* v. *Sacks,* 168 S. W. 641; *Abel* v. *Nelson,* 104 N. Y. Supp. 362; *Stone* v. *Argersinger,* 53 N. Y. Supp. 63, 65; *Jacquin* v. *Boutard,* 35 N. Y. Supp. 496, 500; *Madden* v. *Equitable Life Assur. Soc. of the U. S.,* 32 N. Y. Supp. 752, 756; *In re Ladue Tate Mfg. Co.,* 135 Fed. 910, 911; *Castleman* v. *Lewis,* 183 S. W. 1182.

Judgment affirmed.