### HACKNEY MFG. CO. v. CELUM et al.
### (No. 124-3002.)

(Commission of Appeals of Texas, Section A. May 19, 1920.)

1. **Sales** ⚖️168½(5) — **Where test extended without designating time, buyer has reasonable time for test.**

Where a contract of sale of a plow gave the buyer three days to test the plow, but at the expiration of that time the test was extended with no time designated in which it should terminate, the buyer had a reasonable time thereafter in which to determine whether the plow would work satisfactorily.

2. **Sales** ⚖️182(4)—**Buyer did not accept plow as matter of law, where jury found time consumed in test was reasonable.**

Where the time given by a contract of sale for testing a plow was extended without designating any time when the test should terminate, and the jury found that the time consumed in testing it was under the circumstances reasonable and that the buyer did not keep, use, or treat the property as his own after testing it, and there was evidence to support such finding, it could not be said as a matter of law that he accepted the plow.

3. **Bills and notes** ⚖️438 — **Cancellation for fraud practiced on principal releases comakers or sureties.**

The cancellation of notes, given for the price of a plow, for fraud practiced on the buyer, released comakers of the notes, whether they were joint or joint and several obligors or sureties.

4. **Principal and agent** ⚖️81(1) — **Innocent agent not required to refund commission when sale rescinded for principal's misrepresentations.**

An agent, paid a commission on the sale of a plow which failed to do the work represented by the principal, and for that reason had to be taken back, earned the commissions when the plow was sold and delivered and was not required to refund them.

5. **Fraud** ⚖️60—**On rescission for fraud, buyer entitled to recover expenses in testing plow.**

On rescission of a contract for the purchase of a plow for false representations as to what it would do, expenses incurred by the buyer for labor, gasoline, and oil in testing the plow were recoverable.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by the Hackney Manufacturing Company against A. T. Celum and others. A judgment for defendants was reformed and affirmed by the Court of Civil Appeals (189 S. W. 988), and plaintiff brings error. Affirmed.

G. L. & Atlas Jones and Ashley Coffman, all of El Paso, for plaintiff in error.

Winter, McBroom & Scott, of El Paso, for defendant in error.

SPENCER, J. Plaintiff in error, Hackney Manufacturing Company, a corporation, hereinafter referred to as plaintiff, brought this action against defendants in error, A. T. Celum, R. W. Love, Albert T. Celum, and Valley Implement & Vehicle Company, hereinafter referred to as implement company, seeking to recover upon two promissory notes for the sum of $687.50 each, alleging in substance that defendants in error were jointly and severally liable—the defendants A. T. Celum, R. W. Love, and Albert T. Celum as principals, and the implement company by reason of its indorsement of the notes at their inception and before delivery of the same to it.

A. T. Celum answered that he had been induced by the fraudulent representations of plaintiff and its agent to purchase an auto plow from it, and in consideration for the purchase price executed the notes in question and paid plaintiff the sum of $500 in cash.

The fraudulent representations relied upon were, in substance, that the plow was simple in its operation, well adapted as a tractor, had sufficient power to plow in all kinds of soil, that a thorough test had proved it would successfully plow five-year old alfalfa sod ten inches deep, and, in the event it did not do the work satisfactorily, plaintiff would take it back and return the money and notes. He further alleged that after making a thorough test the plow was found to be unsuited for the purposes for which it was purchased and unsatisfactory to him; that, immediately upon discovery of these facts, he notified plaintiff that he rescinded the contract, and demanded the return of the notes and money paid.

In the cross-action filed, Celum sought to recover the $500 paid plaintiff, $174 freight paid by him on the plow, the sum of $253.46 expended for labor employed and gasoline and oil consumed in testing the plow, and the sum of $217.40, plus $22 freight, for disc and break bottoms ordered by him and used in testing the plow.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The implement company answered, admitting its agency; alleged that it was not familiar with the plow, but relied upon the catalogues and literature issued and sent it by plaintiff, and in good faith repeated to A. T. Celum such representations as the plaintiff had made to it; that its endorsement of the note was procured by the fraudulent representations of the agent, and that the plow was not as represented, and did not work satisfactorily. The defendants R. W. Love and Albert H. Celum adopted the answers of A. T. Celum, and also alleged that they were only sureties on the note.

The case was submitted to a jury upon special issues, and the jury in response thereto found: That A. T. Celum was induced by the fraudulent representations of plaintiff and its agent, as to the character of the work the plow would do, to sign the contract and execute the notes; that he at no time used the plow in a way inconsistent with its being the property of plaintiff; that he was induced to continue his tests of the plow upon the representations of plaintiff and its agent; that he was using it all the time for the purpose of testing it, to determine whether it could be made to do the work satisfactorily; that he first found the latter part of July that the plow was not satisfactory to him, and at that time rejected it, and notified plaintiff thereof; that he did not use it after rejection; and that about three months under the prevailing circumstances was a reasonable time for him to test the plow and notify plaintiff of the rejection.

Upon the answers to the special issues, the court rendered judgment canceling and rescinding the contract, and rendered judgment for A. T. Celum on his cross-action for the sum of $1,057, establishing and foreclosing a lien on the plow, steering attachment, and gang, but denying him a recovery of $217.40 plus $22 freight for the disc and breaker bottoms. The defendants Love and Albert H. Celum were discharged with their costs.

Upon appeal, the Court of Civil Appeals reformed the judgment, denying a lien and the foreclosure thereof on the plow, steering attachment, and gang; and as reformed the judgment was affirmed. 189 S. W. 988. The writ was granted upon application referred to the committee of judges.

[1, 2] Plaintiff contends that its letter to A. T. Celum of March 4, 1913, giving him three days in which to test the plow, and the written order signed by Celum, constitute the contract between the parties, and that all previous negotiations were merged into this contract—leaving but one question, in so far as A. T. Celum is concerned, to be determined, which is: Did A. T. Celum accept the plow after having made the test? Conceding plaintiff's contention, it is necessary to inquire when the test ended. The implement was received about the middle of April, 1913. Plaintiff sent its agent, Brown, to make the test. At the expiration of the three days, the plow did not work satisfactorily, and the test continued three days with like result; when Brown suggested the use of 14-inch breaker bottoms, which A. T. Celum ordered from the company. The 14-inch breaker bottoms were evidently received between May 7, 1913, the date the implement company wrote plaintiff that the plow was not working satisfactorily, and May 19, 1913, the date upon which A. T. Celum wrote the Hackney Company. It is apparent from the letter of May 19th that the machine had not proved satisfactory. The demonstrations were continued by A. T. Celum until his letter of July 24, 1913, when he informed the Hackney Company that after a thorough test it proved unsatisfactory, and that he would not accept it. After the three days given Celum in which to test the plow had expired, and the test extended, there being no time designated in which the test should terminate, Celum would thereafter have a reasonable time in which to continue the test to determine whether the plow would work satisfactorily. What period would be deemed a reasonable time within which to conclude a reasonable test, where no time is specified, is made to depend upon the particular facts in each case; and the jury in this instance having found that the time consumed in testing the machine was under the prevailing circumstances and conditions reasonable, and that A. T. Celum did not keep, use, or treat the property as his own after he used the same with the breaker bottoms and discs, and there being evidence to support the findings, it cannot be said, as a matter of law, that A. T. Celum accepted the plow.

[3] The plaintiff complains at the action of the court in rendering judgment in favor of R. W. Love and Albert H. Celum, contending that as they were principals, and the obligation joint, or joint and several, and no fraud having been practiced upon them, they were not entitled to the same defenses as A. T. Celum. This position is unsound, and cannot be upheld. The matters which operated as a defense to A. T. Celum, and which resulted in the cancellation of the notes as to him, grow out of the contracts under which the notes were given, and entitled defendants to avail themselves of the same defense. The rule that the release and discharge of one of two or more joint, or joint and several, obligors, operates to release and discharge the others, has special application in a case like this, where the instrument upon which it is sought to hold them is canceled, as to one of the obligors, on the ground of fraud. The rule has been so long and well established in its application by the courts of this country as to be elementary. Wills Point Bank v. Bales, Reed & Cooley et al., 76 Tex. 329, 13 S. W.

309; Heckman v. Manning, 4 Colo. 543; Tuckerman v. Cheever Newhall, 17 Mass. 581; Moyer et al. v. Brand, 102 Ind. 301, 26 N. E. 125.

If, however, defendants Love and Albert H. Celum be considered as sureties, instead of joint, or joint and several, obligors, the result under the rule announced in the case of Aultman & Taylor Co. v. Hefner, 67 Tex. 54, 2 S. W. 861, would be the same.

[4] Plaintiff sought to recover from the implement company the sum of $281.25 paid the implement company as commission for selling the plow. The court correctly refused a recovery. The agent had done all that it was required to do. It was no fault of the agent that the principal defaulted in carrying out the contract with A. T. Celum. The commissions were earned when the plow was sold and delivered. That the plow did not do the work plaintiff had represented it would do and had, for this reason, to be taken back, is a matter of no concern to the agent. Pryor v. Jolly, 91 Tex. 86, 40 S. W. 959; Gravely v. Southern Ice Machine Co., 47 La. Ann. 389, 16 South. 866; Garnhart v. Rentchler, 72 Ill. 535; Restein v. McCadden et al., 166 Pa. 340, 31 Atl. 99.

[5] The complaint as to the allowance of $244.21, as expenses incurred for labor, gasoline, and oil, is not well taken. The expenses incurred were made necessary by reason of the misrepresentations of plaintiffs, and the rule is well established that, in such instances, such expenditures as were rendered necessary by reason of the fraud are recoverable. Chatham & Co. v. Jones, 69 Tex. 744, 7 S. W. 600; 20 Cyc. 138.

Our conclusion is that the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.

