(109 So. 364)

## BARBER–GREENE CO. v. GOULD.
(6 Div. 333.)

(Supreme Court of Alabama. June 30, 1926.)

**1. Principal and agent ☞81(4).**

Where seller has discretion as to accepting agent's orders, agent's commissions will not accrue on rejected orders unless seller abuses discretion.

**2. Principal and agent ☞81(4).**

Express agreement that full performance of particular undertaking shall be condition precedent to agent's right to recover compensation will be enforced and will be conclusive unless performance has been waived or prevented by principal.

**3. Principal and agent ☞81(4)—Seller held liable to agent for commission notwithstanding buyer returned goods as defective and agent's contract provided for commission when payment was made, where sale was unconditional and binding on buyer.**

Seller *held* liable to agent for commission notwithstanding buyer returned goods as de-

fective and agent's contract provided for commission when payment was made, where sale was unconditional and binding on buyer and subject to rescission only for breach of seller's warranties, since seller is bound to agent as well as buyer by warranties as to quality and fitness of goods.

**4.· Principal and agent ☞81(4)—Guaranty of satisfactory operation for 90 days held not to render sale of machines conditional so as to bar recovery of commission by seller's agent.**

Guaranty of satisfactory operation for 90 days *held* not to render sale of machines conditional so as to bar recovery of commission by seller's agent, where agency contract covered all sales accepted with such guaranty.

**5. Sales ☞17.**

Sales, nominally to certain company but in fact to its customers, must be regarded as sales to its customers.

Appeal from Circuit Court, Jefferson County ; Roger Snyder, Judge.

Action by Frank E. Gould against the Barber-Greene Company. From a judgment for plaintiff, defendant appeals. Corrected and affirmed.

· William J. Matthews, of Chicago, Ill., and J. L. Drennen, of Birmingham, for appellant.

Under the contract commissions were payable only in event collections were made. The contract is binding. 1 Mechem on Agency (2d Ed.) §§ 1514, 1533 ; Taylor Mfg. Co. v. Key, 86 Ala. 212, 5 So. 303 ; Moreland v. Dickerson Lbr. Co., 12 Ala. App. 576, 68 So. 526 ; Newell & Allen v. Port Huron Co., 2 Ala. App. 423, 57 So. 68 ; ·Grand Bay Land Co. v. Simpson, 207 Ala. 303, 92 So. 789 ; Hale v. Kumler, 85 F. 161, 29 C. C. A. 67 ; Vickers v. Vaughan Co., 204 Ill. App. 284 ; Ormsby v. Graham, 123 Iowa, 202, 98 N. W. 724 ; Ingram Realty Co. v. Brown, 208 Ala. 455, 94 So. 520.

Robert E. Smith, of Birmingham, for appellee.

Where the agent procures a purchaser on specified terms, he is entitled to compensation, although, by reason of his principal's fault, the sale is never made. Eldorado Coal Co. v. Rust, 202 Ala. 625, 81 So. 567 ; ·Cheatham v. Yarbrough, 90 Tenn. 77, 15 S. W. 1076. If the agent's commissions are dependent upon the payment of the purchase price, and the latter is prevented through the fault of the principal, the agent may recover. Taylor Mfg. Co. v. Key, 86 Ala. 212, 5 So. 303 ; Newell & Allen v. Port Huron Co., 2 Ala. App. 423, 57 So. 68 ; Handley v. Shaffer, 177 Ala. 636, 59 So. 286.

SOMERVILLE, J. The chief matter of controversy is the right of the plaintiff to have commissions on the sales of four ma-chines called "loaders," one to J. A. Burt and three to the Crittenden-Ozark Joint Project. These machines were sold through plaintiff's subagents, the Brandeis Machinery & Supply Company, of Louisville, Ky., and the shipments were made to the respective purchasers in Arkansas. When the orders were accepted and the machines shipped, defendant credited plaintiff with commissions of $933.32 —$233.33 on each machine.

Claiming that the machines were defective and not adapted for the work for which they were intended to be and were used, the purchasers refused to pay for them and returned them to the seller. Thereupon defendant "back-charged" to plaintiff the full amount of the commissions—that is to say, the commissions were canceled and disallowed. Defendant's denial of these commissions is based upon its construction of a pertinent provision of the contract :

"The company [defendant] agrees that for all collections made for goods sold under this agreement, they will remit to the agent and subagents such an amount as shall be due for his commissions on the sale on or before the 10th of the month following the collection."

Defendant's contention is that this provision limits its liability to pay commissions to sales on which collections are made, unless the failure to make such collections is due to the fraud or bad faith of defendant.

[1] In cases of this sort where the vendor-principal has a discretion as to the acceptance of the agent's orders, it seems to be the law that the agent's commissions will not accrue on rejected orders unless the vendor has abused his discretion and acted in bad faith in their rejection. 2 Corp. Jur. 771, § 438, and cases cited in note 15. But that principle is not applicable here.

[2] As observed by Mr. Mechem :

"It is entirely competent for the parties to expressly agree that the full performance of a particular undertaking shall· be a condition precedent to the right to recover any compensation, and where such a contract is fairly made it will be enforced and will be conclusive, unless it appears that the performance has been waived or prevented by the principal." 1 Mechem on Agency (2d Ed.) § 1533.

And by another authority :

"The terms of the contract of employment are frequently such that the agent's right to commission for negotiating a sale does not accrue until and unless the purchaser pays the price, although the .principal cannot deprive the agent of his right to compensation under such a contract by disposing of his own right to receive the funds, or by unreasonable delay in seeking to enforce collection. * * * However, it is to be observed that as a rule the failure, refusal .or inability, of either the principal or the third person to carry out the contract entered into by them does not defeat the agent's right to compensation for negotiat-

ing that contract; and this rule is especially applicable where the contract negotiated by the agent is not carried out because of the principal's default." 2 Corp. Jur. 772, 773, § 439.

In Garnhart v. Rentchler, 72 Ill. 535, it was held that where an agent is authorized to sell machines and to make certain representations relative to them, and is to receive as compensation a percentage of the proceeds of sales made by him, and the machines sold do not prove to be as represented, and are returned, he is entitled to recover his commission on the sales.

So, also, in Restein v. McCadden, 166 Pa. 340, 31 A. 99, it was held that if a buyer refuses to accept goods on the ground that they were not properly made, the agent is entitled to his commission, notwithstanding a provision that it was not to be paid until the goods were delivered and paid for. See, also, as in accord with this principle, Sherman v. Port Huron, etc., Co., 13 S. D. 95, 82 N. W. 413; Stone v. Argersinger, 32 App. Div. 208, 53 N. Y. S. 63; Abel v. Nelson (Sup.) 104 N. Y. S. 362; Wolff Shirt Co. v. Sacks, 184 Mo. App. 157, 168 S. W. 641; Shinn v. Haines, 21 N. J. Law, 340.

The case of Taylor Mfg. Co. v. Key, 86 Ala. 212, 5 So. 303, though analogous, is not immediately in point. There the contract stipulated against commissions on property taken back, or on machinery not settled for, and it was held that, where the vendor, having security for the purchase price, surrendered the security and voluntarily took back the machinery in satisfaction of the balance of the debt, the agent was nevertheless entitled to his commission thereon.

[3] The principle on which the cases are grounded is that the vendor is bound to the agent as well as to the purchaser by his warranties, express or implied, as to the quality and fitness of the goods to be sold; and if the sales are not completed by the purchaser's payment of the price, by reason of a breach of the vendor's warranties, the vendor ought not to be relieved, by his own default, of the obligation to compensate the agent for sales made by him in good faith. But this principle is effective only when a "sale" has been made of such sort as was intended by the agency contract—that is, an unconditional sale binding upon the purchaser, and enforceable against him, subject to rescission only for a breach of the vendor's warranties.

[4] The sale of Burt does not appear to have been such a sale, and must be held not to carry a commission. On the other hand, the sales to the Joint Project were "sales" within the meaning of the contract, notwithstanding the guaranty of satisfactory operation for 90 days. This guaranty did not render the sales conditional in any technical sense; and since the agency contract covered all sales accepted with this guaranty of satisfactory service by the vendor, we see no reason why commissions should not be allowed. Moreover, the rejection of the machine by the purchaser seems to have been based upon actual defects in quality and fitness for the work for which they were designed and sold, and not upon a merely capricious expression of dissatisfaction on the part of the purchaser.

[5] We observe, in passing, that these sales, though made nominally to the Brandeis Machinery Company, were in fact made through that company to its ultimate customers, and must properly be regarded as sales by the Barber-Greene Company to those actual customers.

As to the item of $100, claimed as an erroneous back charge on the Goodwell Transportation Company sale, it is clearly sustained by the evidence. We think, also, that the claim of $85.27 for commission on the McGahey sale must be sustained, for the reasons stated above in sustaining the claim on the Joint Project sales, the conditions being the same.

As to the item of $98.04, claimed as balance on commission due for the sale through plaintiff's subagent, Weil, at New Orleans, and Dewey, defendant's agent in New York, to the Union Seed & Fertilizer Company, in Louisiana, we agree with defendant's contention that the commission of $588.20 was, under the terms of the sales contracts in force, properly payable, one-half to Weil and one-half to Dewey, and that plaintiff was entitled to nothing on that account. The fact that defendant mistakenly gave plaintiff a credit of $196.06 for commission on that sale was no bar to the subsequent back charge to plaintiff of that amount.

The items which plaintiff is entitled to recover amount to $885.27, from which must be deducted the overpayment of $196.04, leaving for net due on account to plaintiff $689.23. The interest on this sum from April 23, 1921, is $285.93, so that principal and interest amount to $975.16.

The cause was tried by the lower court without a jury, and, exercising our discretion under section 6149 of the Code, we will correct the judgment of the trial court, reducing the amount recovered to $975.16. As thus corrected, the judgment for plaintiff will be affirmed, and the costs of this appeal will be taxed against the appellee.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.